## WHITE *v.* CROW & Others.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

Submitted January 4th, 1884.—Decided January 21st, 1884.

*Colorado—Execution—Judgment—Redemption.*

When, in Colorado, the agent of an absent defendant, upon whom process had been duly served, appeared and consented to the entry of a judgment against the defendant before the time for filing answer had expired, and no

fraud was shown: *Held*, On an attempt to attack the judgment collaterally by reason of entry before the time for answering had expired, that the court would make all necessary presumptions to sustain it.

When a judgment creditor in Colorado, prior in lien, received from the sheriff a certificate of sale of real estate sold to the creditor on execution issued on the judgment to satisfy the debt, which certificate recited that the property was subject to an execution issued on a judgment which was in fact junior in date to that under which it was sold: *Held*, That the recital was a mistake of which a person claiming title under a conveyance from the judgment debtor and redemption from the junior judgment could not take advantage.

In order to obtain equitable relief against a judgment alleged to have been fraudulently obtained it must be averred and shown that there is a valid defence on the merits.

This was a suit in equity. The facts disclosed by the pleadings and evidence were as follows: From September 1st, 1880, until December 1st, 1882, the Brittenstine Silver Mining Company, a corporation organized under the laws of the State of New York, was the owner of twelve mining claims and a tunnel site situate in Chaffee County, in the State of Colorado. These claims were in a group, and some of them intersected and overlapped each other, and the tunnel site extended across them. John B. Henslee was the authorized agent of the company under the laws of Colorado, upon whom service of process against the company could be made, and he was also a large stockholder therein, and attended, without compensation, to some of the business of the company.

The company became embarrassed and suits were brought against it by its creditors in January, 1882. It owed Henslee $1,500 for money advanced to it by him. Henslee assigned his claim to the defendant Joseph R. Crow, in part payment of money due from him to Crow, who brought suit on the claim in the County Court of Lake County, Colorado. The summons was served on Henslee, as State agent, on January 9th, 1882, and four days thereafter he appeared in open court, and, as the record of that case states, as general agent of the company, consented to the submission of the case, and judgment was thereupon rendered against the company in favor of Crow. A transcript of this judgment was filed with the recorder of Chaffee County on January 17th, 1882, and thereupon it be-

came a lien upon the property of the company in that county, and was the oldest and best lien thereon.

George M. Robison recovered a judgment against the company in the same court for $346.35. It became a lien on January 20th, 1882, and was the second lien on the property of the company. Henslee gave notice of these judgments to the officers of the company in New York, and, upon the promise that the company would pay them, the judgment creditors agreed to a stay of execution, and, in consequence, no execution was issued on either of them until four months after their rendition.

On June 17th, 1882, the property of the Brittenstine Mining Company was sold to Joseph R. Crow for the amount of the judgment in his favor on an execution issued thereon, and was again sold June 8th, 1882, to George M. Robison for the amount of the judgment in his favor and upon an execution issued thereon. Certificates of sale were delivered to each of the purchasers and duly recorded in the recording office of Chaffee County. The certificates specified the time within which the property could be redeemed, which was six months from the date of the sales respectively, to wit, from the sale to Crow on December 17th, 1882, and from the sale to Robison on January 8th, 1883. The certificate given to Crow stated that the sale to him was subject to the sale to Robison.

The officers and directors of the company in New York received notice from Henslee of these judgments and sales, and made efforts without success to raise money to pay off the liens. The judgments and certificates of sale were bought up by the defendants, L. C. Wilson, H. M. Noel, J. L. Loker, W. N. Loker, James Streeter, and O. H. Simons. They appear to be the only defendants who have any interest in this suit.

While the events above mentioned in reference to this property were happening in Colorado, the Supreme Court of the City and County of New York, in a suit therein pending against the company, on May 29th, 1882, appointed a receiver, to whom, on October 23d, 1882, the company, by order of the court, conveyed all its property. At a sale made by the receiver about December 1st, 1882, the appellant, John E. White,

became the purchaser of the property of the company in Chaffee County, Colorado, and on December 5th, received a deed therefor from the receiver, and on December 6th, a deed from the company. At the time of his purchase White knew of the liens against and sales of the property, and that the time for redemption was about to expire. He redeemed the property from the sale to Robison before the time for redemption expired, and paid off two judgments junior to those above mentioned. He, however, failed and refused to redeem the property from the sale to Crow within the time limited for redemption. After the time had expired White offered to redeem from the Crow sale, but the appellees refused to allow the property to be redeemed.

Thereupon, on February 12th, 1883, the appellant, John E. White, filed the bill in this case, to which Henslee, Crow, and the above-mentioned purchasers of said judgments, and Robert Ray, the sheriff of Chaffee County, were made parties. The bill prayed that Ray, the sheriff of Chaffee County, might be enjoined from making a deed to the owners of the certificate of sale issued to Joseph R. Crow, and that the certificate might be declared null and void, and that upon payment by the complainant of the amounts found due to Crow on his claim against the property he might be compelled to execute a deed of release to him for said property.

The only questions controverted on the final hearing were whether or not the judgment in favor of Crow and the certificate issued upon the sale made to him should be declared void, and whether the sheriff of Chaffee County should be enjoined from making a deed to him for the property in question, and whether the owners of the judgment and lien of Crow should, upon payment thereof, execute deeds of release to the appellant for said property.

The Circuit Court decided all these questions in the negative, and directed that the defendants in interest should repay to the complainant the sums paid by him to discharge the liens upon said property, and, upon such payment, decreed that the bill should be dismissed. This appeal brought that decree up for review.

*Mr. C. Edgar Smith* and *Mr. L. S. Dixon* for appellant.

*Mr. L. N. Buck* and *Mr. John D. Pope* for appellees.

Mr. Justice Woods delivered the opinion of the court.

The first assignment of error which we shall notice is, that the Circuit Court erred in not declaring the judgment recovered by Joseph R. Crow against the Brittenstine Silver Mining Company void, first, because fraudulently obtained, and, secondly, because the court was without jurisdiction to render it.

We have been unable to find in the record any support for the contention that the judgment was fraudulently obtained. All the alleged facts set out in the bill on which the charge of fraud is based are clearly disproven by the testimony. But if the Brittenstine Silver Mining Company were itself assailing the judgment as fraudulently procured, it could not have it enjoined in equity unless it could aver and prove that it had a good defence upon the merits. *Hair* v. *Lowe*, 19 Ala. 224; *Pearce* v. *Olney*, 20 Conn. 544; *Ableman* v. *Roth*, 12 Wis. 81. There is no pretence that the company had any defence. It has never complained of the judgment. On the contrary, it promised to pay it provided execution were stayed, and upon its promise of payment execution was stayed. Much less, therefore, does it lie in the mouth of appellant to complain of fraud in the obtaining of the judgment. On this point he has no standing in court.

The complainant insists, however, that the judgment was void because, on the fourth day after service of summons, and before the time for filing the answer had expired, Henslee appeared in court and consented that judgment might be entered in favor of Crow, against the Brittenstine Mining Company, for the sum due on the obligation upon which the suit was brought, and judgment was thereupon accordingly entered.

The Civil Code of Colorado, § 46, provides as follows:

"From the time of service of summons in a civil action the court shall be deemed to have acquired jurisdiction."

The summons in this case gave full and particular notice to

the defendant of the cause of action. It was served, as clearly appears from the return, in the county where the suit was brought. It was served on Henslee as the person appointed to receive service of process for the company. It is not pretended that it was not served in the county where the company had its principal office, or where its principal business was carried on, or that Henslee was not the right person on whom service should have been made. The service was regular and effectual.

The court, therefore, had jurisdiction of the parties. It had jurisdiction of the subject-matter, and the judgment which it rendered was within the jurisdiction conferred on it by law. The judgment which it rendered recited that Henslee was the general agent of the company, and as such consented that judgment might be entered against the defendant. The law, therefore, when the judgment is questioned, presumes that the court was satisfied by proof that the agent had authority to give the consent of the company to the rendition of the judgment. The fact that he was such general agent, and authorized to consent to the entry of judgment, is not denied in the bill, nor is there any proof in the record to show that he was not the agent of the company, fully authorized to consent to the rendition of the judgment.

But if he was not such agent, the question arises whether the rendition of the judgment before the time for filing defendant's answer had expired renders the judgment void. We are of opinion that it does not; that its rendition was simply erroneous and nothing more. The court having jurisdiction to render the judgment, and having rendered it, the law, when the judgment is collaterally attacked, will make all presumptions necessary to sustain it. *Grignon's Lessee* v. *Astor*, 2 How. 319. The defendant being in court, was bound to take notice of its proceedings, and might have corrected the error at any time during the term. It did not move to set the judgment aside. It filed no answer. The presumption, therefore, which the law makes is either that it consented to a submission of the case before the time for answer expired, or that it subsequently waived the error by not seeking to correct it.

"It is of no avail," said the court in *Cooper* v. *Reynolds*, 10 Wall. 308, "to show that there are errors in the record, unless they be such as prove that the court had no jurisdiction of the case, or that the judgment rendered was beyond its power. This principle has been often held by this court and by all courts, and it takes rank as an axiom of law."

And in *Cornett* v. *Williams*, 20 Wall. 226, it was declared that

"The settled rule of law is, that jurisdiction having attached in the original case, everything done within the power of that jurisdiction, when collaterally questioned, is to be held conclusive of the rights of the parties, unless impeached for fraud."

See, also, *Kemp's Lessee* v. *Kennedy*, 5 Cranch, 173 ; *Thompson* v. *Tolmie*, 2 Pet. 157 ; *Voorhees* v. *Bank of the United States*, 10 Pet. 449 ; *Grignon's Lessee* v. *Astor*, 2 How. 319 ; *Florentine* v. *Barton*, 2 Wall. 210 ; *McGoon* v. *Scales*, 9 Wall. 23 ; *Glover* v. *Holman*, 3 Heisk. 519 ; *West* v. *Williamson*, 1 Swan (Tenn.), 277.

The judgment, therefore, cannot be declared void. It could not be successfully attacked in this collateral way even by the defendant, much less by one not a party to it. We must assume the judgment to be valid and binding until reversed in a direct proceeding.

The next contention of the appellant is that the sale made to Crow under his judgment is void because the property was sold in bulk and not in parcels. This contention is based on the statute of Colorado, which provides as follows :

"When any property, real or personal, shall be taken in execution, if such property is susceptible of division, it shall be sold in such quantities as may be necessary to satisfy such execution and costs." General Laws, Chap. 53, sec. 1416, page 525.

There are two sufficient answers to this objection to the sale. In the first place, there is not a word of proof in the record to show that any part of the property would have sold for a sum sufficient to satisfy the execution and costs.

On the contrary, the record shows that the entire property was sold on execution four different times during the year 1882, and that in no instance did it bring more than the debt and costs, and that it brought more at the sale which is attacked in this case than at any of the others. At one sale it only brought $346; at another it only brought half the debt. At every sale it was bought in by the judgment creditor.

In the second place, the evidence shows that at the sale which is complained of in the bill the sheriff first offered the claims singly and separately and received no bids. He then offered and sold them *en masse*.

These facts make it unnecessary to inquire whether the objection to a sale *en masse* could be successfully made after the time for redemption had passed, where both the party making the objection and the party claiming under the sale were strangers to the judgment.

The next contention of appellant is that the certificate issued by the sheriff to Joseph R. Crow on the sale made to him June 17th, 1882, recited that said sale was made "subject to an execution in favor of George M. Robison," and that appellant having redeemed from what was thus recited to be the elder lien, the title thus acquired by him would be superior to that based on what he had reason to suppose was the younger lien of Crow.

It is not disputed that in fact the lien of the judgment in favor of Crow was the older lien. It became a lien on January 17th, 1882, when the transcript was filed in the office of the recorder of Chaffee County. § 215 Civil Code of Colorado. The levy of the Robison attachment was not recorded until January 20th, 1882; and it acquired a lien upon the property on that day. Civil Code, § 98. The sale on the judgment in favor of Crow took place June 17th, 1882, the sale on the judgment in favor of Robison took place on July 8th, 1882. These matters were all of public record, and were made such that all parties interested might have notice. The appellant cannot derive any advantage from the mistake in the sheriff's certificate, which the public records of the county corrected, and for which neither Crow nor his vendees were responsible.

But even if the judgment in favor of Robison had been the senior judgment, it would not aid the case of appellant. As grantee of the defendant company he would be required to redeem from all the sales. He could not acquire title to the property by redeeming it from a sale on the oldest lien, for in Colorado a redemption annuls the sale. The General Laws of Colorado, chap. 52, page 527, § 1419, provide as follows:

"On such sum," the redemption money, "being paid as aforesaid" to the purchaser or sheriff, "the said sale and the certificate thereupon granted shall be null and void."

The appellant might as well claim that the payment of the oldest encumbrance on real estate discharged all the subsequent encumbrances.

We are of opinion that there is no merit in the appellant's case. The judgment in favor of Crow against the Brittenstine Silver Mining Company was a valid judgment, rendered on a just demand; it was obtained without fraud; it has never been assailed, directly or indirectly, by the judgment debtor. The sale made under it was, so far as the record shows, fair and regular; the time within which the property sold could be redeemed was shown by the public records, it was well known to the agent of appellant. The appellant failed and refused to redeem the property within the time limited by law, and thereby lost his right to redeem, unless he is able to show some fraud or wrong on the part of the defendants by which a redemption was prevented. Without such showing he is not entitled to relief in equity. *Hay* v. *Baugh*, 77 Ill. 500. Nothing of the kind has been shown. We find no error in the record.

*The decree of the Circuit Court is affirmed.*