### DAVID A. MANVILLE & CO., Inc., v. FRANCIS OIL & REFINING CO. et al.

Circuit Court of Appeals, Eighth Circuit.
May 9, 1927.

No. 7569.

1. **Judgment** 589(1)—Decree enforcing written contract held bar to subsequent suit by defendant therein to reform contract.

Decree construing and enforcing written contract *held* bar to subsequent suit by defendant therein to reform the contract.

2. **Judgment** 460(6)—Bill to set aside judgment must show complainant has good and meritorious defense to action.

Bill in equity to set aside a judgment must show that complainant has a good and meritorious defense to the action.

Appeal from the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Suit in equity by David A. Manville & Co., Inc., against the Francis Oil & Refining Company and others. Decree for defendants, and complainant appeals. Affirmed.

Joseph G. M. Browne, of New York City, and Richard A. Billups, of Oklahoma City, Okl., for appellant.

J. F. Sharp, Jr., of Oklahoma City, Okl. (J. F. Sharp, of Oklahoma City, Okl., on the brief), for appellee.

Before STONE and KENYON, Circuit Judges, and POLLOCK, District Judge.

KENYON, Circuit Judge. As the Francis Oil & Refining Company is the principal appellee, and the other appellee, George T. Blankenship, is merely a nominal party, we use the term appellee in the opinion as referring to the Francis Oil & Refining Company.

Appellant and appellee entered into a written contract in March, 1922, relative to the sale by appellant of certain shares of the capital stock of appellee. Controversy arising between them, appellee brought action, and was awarded judgment against appellant for $14,380 in the United States District Court for the Southern District of New York. The case was appealed, and affirmed by the Circuit Court of Appeals (296 F. 349). Defendant in that case (appellant here) applied for a writ of certiorari to the Supreme Court of the United States, which was denied (264 U. S. 592, 44 S. Ct. 404, 68 L. Ed. 865). In this suit in New York the court held that the agreement between appellant and appellee was of a fiduciary nature, and that under said agreement this appellant must account to the appellee. The present suit was instituted in the United States District Court for the Western District of Oklahoma. The complaint set forth the New York suit and the original written contract entered into between this appellant and appellee, and asked relief on many grounds, raising some of the very questions adjudicated in the New York case. Appellee moved to dismiss the bill of complaint on a number of grounds, the third and sixth being sustained by the court, which were as follows:

"III. The matters and things complained of in the bill of complaint are res adjudicata, having, as disclosed by said bill of complaint been heretofore determined adversely to the David A. Manville & Co., Inc., and which order and judgment is final and conclusive upon the matters and things set forth in the bill of complaint.

\*   \*   \*   \*   \*   \*   \*

"VI. The bill of complaint is insufficient in that it fails to state a valid cause of action in equity or any cause of action in favor of the plaintiff and against these defendants."

Appellant now claims, as it did in the New York suit, that the original contract did not disclose a relationship of principal and agent; that it was entered into as the result of fraud or mistake on the part of appellee, and that appellant erred in executing said contract; that no counterclaim or cross-bill for the relief now sought was interposed, because appellant considered it unnecessary.

[1] This suit seems to be one intended to reform the written contract construed by the New York court, and also to prevent the enforcement of the judgment entered by said court, and the ground for relief is reduced to the proposition that appellant's counsel being mistaken in the legal effect of the written contract did not interpose certain defenses of fraud and mistake, and appellant is entitled therefore to the relief prayed.

The question of whether the written contract created this appellant the agent of appellee in the sale of the stock was settled by the decree of the New York court. The question of whether the written contract was fraudulent, or whether it was entered into by mistake, could have been pleaded and settled in that case.

An accounting took place in that action, and the court found that appellant here was indebted to appellee for a very large sum of money, for which judgment was entered. It would seem that under this condition of the record the bill failed to state a valid cause of action in equity, and that the trial court committed no error in dismissing the same. The question of the relationship of these parties to each other under the terms of the written contract as well as the amount due appellee is res adjudicata. Appellant hazarded its defense upon the construction of the written contract, and the judgment of the New York court is conclusive as to every question which was presented or which might have been presented and determined therein. Union Cent. Life Ins. Co. v. Drake (C. C. A.) 214 F. 536.

[2] Further, if this be considered an action to set aside a judgment, there are no facts pleaded in the bill showing that appellant has any good defense to the alleged cause of action on which the judgment is founded. No claim is made that there was any fraud, accident or mistake in the entering of the judgment. Appellant does not show in its bill that it was prevented in any way from availing itself of its claimed defense of fraud or mistake. The rule is stated in 34 C. J. p. 442: "A court of equity will not interfere with the enforcement of a judgment recovered at law, unless it is unjust and unconscionable; and therefore such relief will not be granted unless complainant shows that he has a good and meritorious defense to the action." See, also, White v. Crow & Others, 110 U. S. 183, 4 S. Ct. 71, 28 L. Ed. 113.

Evidently the Circuit Court of Appeals of the Second Circuit, in considering the case between these parties, thought appellant not free from fraudulent practices, for it said: "It is difficult to be temperate in characterizing the fraud here practiced. Defendant itself proclaims the fraud and adopts the special master's well justified denunciation when he stated that the facts as established by the testimony of the president treasurer of defendant 'reveal a course of fraud, bad faith, and dishonesty on its part that seldom finds its way into the records of this court.'" 296 F. 349, 351.

It is apparent that this action is an attempt to avoid the effect of a judgment of a court of competent jurisdiction where appellant made the defenses it relied on and could have made the further defenses which it now claims it desires to do. The bill of complaint states no valid cause of action in equity and was properly dismissed. This appeal is so clearly without merit and so palpably a mere attempt at delay that the mandate of this court will issue at once.

The decree is affirmed.