WILLIAM LANE, Inc., v. SELBY SHOE CO. et al.

No. 73.

Circuit Court of Appeals, Second Circuit.

Dec. 1, 1930.

Hirsh, Newman, Reass & Becker and Daniel G. Rosenblatt, all of New York City (Benjamin Reass, of New York City, of counsel), for appellant.

Hoguet & Neary, of New York City, and Thomas G. Haight, of Jersey City, N. J., for appellees.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The plaintiff sued the defendant at law for infringement of its patent, and both parties stipulated in writing to try the cause before the District Judge. He directed judgment for the defendant, which the defendant entered without preparing any findings of fact. The plaintiff's time to appeal expired, and at the same time the period within which the judgment might be vacated under general rule 5 of the District Court for the Southern District of New York so as to incorporate findings in the roll. Thereupon the plaintiff filed a bill in equity, alleging that the judgment had been entered in violation of an oral stipulation between the attorneys that it should be withheld until findings were prepared, and that the plaintiff, acting in reliance upon the stipulation and in ignorance of the entry of the judgment, had allowed the time to expire within which it could secure findings, upon which alone any effective appeal could be prosecuted. The answer denied the stipulation, and pleaded certain supposed defenses. The District Judge heard the evidence, decided that the plaintiff had been inexcusably negligent, and suggested that the judgment was presumptively correct. He did not decide whether there had been any oral stipulation. The plaintiff appeals from the decree dismissing the bill.

By Common Law Rule 6 of the District Court for the Southern District of New York, the practice of that court is made to conform to that of the Supreme Court of the state of New York, so far as not otherwise provided by its own rules. Rule 4 of the Practice Rules of the Supreme Court of New York provides that oral stipulations made out of court shall be invalid for all purposes. See American Saddle Co. v. Hogg, Fed. Cas. No. 316; Evans v. State Nat. Bank (C. C.) 19 F. 676. While in the case at bar the existence of any stipulation is at best extremely doubtful, if there was one, it is possible that the plaintiff acted upon the faith of it. If so, the court would compel its observance. People v. Stephens, 52 N. Y. 306; Mutual L. Ins. Co. v. O'Donnell, 146 N. Y. 275, 280, 40 N. E. 787, 48 Am. St. Rep. 796; Zwecker v. Levine, 135 App. Div. 432, 120 N. Y. S. 425; Fort Masonry Construction Co. v. Hudson View Co., 102 Misc. Rep. 717, 169 N. Y. S. 578.

The case may, however, be disposed of upon quite another theory, alluded to by the judge below. The bill does not allege that the decision or judgment was wrong, or that there was reasonable ground for the appeal; and of course there was no such issue at the trial. The plaintiff appears to have assumed that it was enough merely to show that it was deprived of its appeal by its reliance upon the stipulation. However, it is universally held, even in cases where a defendant complains that judgment against him has been procured through fraud, that he must prove at least presumptively that he had a defense. White v. Crow, 110 U. S. 183, 4 S. Ct. 71, 28 L. Ed. 113; Massachusetts, etc., Ass'n v. Lohmiller, 74 F. 23, 28 (C. C. A. 7); Manville v. Francis, 20 F.(2d) 473 (C. C. A. 8); Christy v. A., T. & S. F. R. R. Co. (D. C.) 214 F. 1016. The substance of that doctrine applies here. The plaintiff alleges that it was deprived of its appeal; it was bound to show that the appeal had at least a presumptive chance of success. Whitehill v. Butler; 51 Ark. 341, 11 S. W. 477; Grafton & G. R. Co. v. Davisson, 45 W. Va. 12, 29 S. E. 1028, 72 Am. St. Rep. 799. Otherwise we have no reason to suppose that it has suffered any injury. We decline, therefore, to consider the evidence from

which the plaintiff seeks to extract the oral stipulation; or whether it in fact acted upon the faith of any such, if it was made. The bill alleged no cause of suit on its face; it should have been dismissed as it stood.

Decree affirmed.