## KOEN v. BEARDSLEY.
### No. 673.

Circuit Court of Appeals, Tenth Circuit.

Feb. 27, 1933.

H. L. Lubers, of Denver, Colo., for appellant.

R. C. Davis, of Hutchinson, Kan. (Charles Powell, of Fairmont, W. Va., Cornelius P. Cotter, of New York City, Pershing, Nye, Tallmadge, Bosworth & Dick, of Denver, Colo., and Malloy, Davis & White, of Hutchinson, Kan., on the brief), for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

The plaintiff, Maynard Koen, appeals from a decree, based on an order pro confesso, quieting the title of Daisy L. Beardsley, to two tracts of land, located in Prowers county, Colo., and a block of ground in Lamar, Prowers county, Colo., in a suit he brought on May 15, 1928, to require a conveyance to him of said real property.

In his complaint, filed in a state court, against Florida V. Koen and Daisy L. Beardsley, widow and daughter and the sole heirs of plaintiff's brother, O. N. Koen, plaintiff alleged he was the owner and in possession of the land prior to June 19, 1909; that as security for moneys advanced by O. N. Koen and two other brothers to plaintiff and his mother, Mary A. Koen, he conveyed to O. N. Koen in trust the two tracts, and O. N. Koen purchased with plaintiff's money, for his use and benefit, the block in Lamar; that the debt was paid in June, 1909, by the transfer of another tract by Mary A. Koen to O. N. Koen; that O. N. Koen died in October, 1927; that on the advice of his brother, O. N. Koen, the title to the two first named tracts was allowed to remain in said brother, who had been his guardian and adviser in his lifetime, and he inadvertently failed up to his death to reconvey to plaintiff the block of ground.

The death of Florida V. Koen being suggested, by an order of October 8, 1928, the suit was ordered to proceed solely against Daisy L. Beardsley. Summons was issued on November 2, 1929, but could not be served. Notice was given by publication, upon an affidavit of plaintiff filed December 3, 1929. On January 28, 1930, the case was removed on defendant's petition to the federal court. On February 26, 1930, the defendant filed motions to make the complaint more definite and certain, and to strike portions of it. On May 7, 1930, the defendant consented to the filing of an amended complaint, subject to the approval of the court, on or before May 26, 1930, but it was not filed until January 12, 1931, and then without leave of court. Theretofore, on the same day, the defendant pleaded to the original complaint by answer and counterclaim, alleging, in substance:

The complaint is insufficient to enable her to safely plead or prepare for trial. It is without equity in alleging a parole trust concerning lands. The first tract was conveyed by plaintiff to defendant's father, O. N. Koen, in 1906. The second tract was conveyed to O. N. Koen by his mother in 1909. By those deeds, O. N. Koen became the absolute owner of the lands, and at his death defendant, as heir and devisee, succeeded to his title. A certain suit was brought for the second tract by the mother against O. N. Koen, but it was dismissed, and his title was thereby

finally adjudicated. She attempted to dispose of the tract by will, but O. N. Koen brought a suit against plaintiff and others, and was finally decreed to be the owner of that land. O. N. Koen acquired the block in Lamar by deed, whereby he became the absolute owner thereof, and the defendant inherited that title at his death. O. N. Koen never held any of the real property in trust, and plaintiff's occupancy has been only as his tenant at will. The lands were acquired by him 21 years before his death, and the Lamar block in 1927. The records of the county disclose a recorded instrument, executed by plaintiff, whereby for a consideration of $1,-000 from O. N. Koen he waived all interest as a prospective heir of his mother. By plaintiff's laches he is barred from asserting title to the property or prosecuting this suit.

As a counterclaim, the averments of the answer are adopted, and it is added that the plaintiff presented his claims to the county court of Prowers county, Colo., in the pending ancillary administration of O. N. Koen's estate, and they were denied by that court. They constitute clouds on the defendant's title. The defendant also alleges she is executrix of the will of O. N. Koen. Her prayer was that her title be quieted, that plaintiff be ejected from the property and account for the rents and profits.

On January 27, 1931, plaintiff moved to strike portions of the answer and counterclaim. That motion was presented on May 11, 1931, by Mr. Bosworth, as plaintiff's solicitor, in defendant's absence. On the same day, it was overruled and plaintiff was ordered to file a replication within thirty days, but an order, referred to as having been made on January 12, 1931, in so far as it was to the effect that "the complaint was not sufficient in law to be answered," was vacated on May 15, 1931. At the same time, by order effective as of date January 12, 1931, the amended complaint was "lifted from the files."

On June 24, 1931, the clerk, by direction of counsel for the defendant, entered an order pro confesso on defendant's cross-bill or counterclaim for failure to answer or plead thereto. Notice of that order was mailed to plaintiff's attorney, Granby Hillyer, on July 10, 1931. On July 29, 1931, a final decree was entered in her favor, quieting her title to the entire real property mentioned, and requiring plaintiff to deliver possession to her of the same and account for rents and profits.

The next step in the case was the motion of the plaintiff that his default and the decree on defendant's cross-bill be set aside and the plaintiff be allowed to plead further. The grounds set out were that the default was the result of excusable inadvertence on the part of plaintiff and his counsel, plaintiff was not advised of the denial of his motion to strike from defendant's answer and counterclaim, nor the order striking the amended bill, until after the lapse of thirty days allowed by the court to reply, and could not with reasonable diligence have filed such reply and answer within the period allowed, or before the default, for the reasons stated in the affidavits of Granby Hillyer, late counsel for plaintiff, and of his son, Granby R. Hillyer, also one of plaintiff's original attorneys of record, now representing the plaintiff, filed in support of the motion. It was added that plaintiff has a meritorious cause of action, and to permit the default to stand will deprive plaintiff of any opportunity to have the issues on the merits fairly tried, and substantial justice will be defeated.

That motion was supported and resisted by affidavits on both sides, argued by Granby R. Hillyer and Roy C. Davis, respective counsel appearing for the parties; and the motion was overruled.

The affidavits filed for the plaintiff seek to excuse the neglect of the case because of other duties of Granby Hillyer, one of plaintiff's attorneys, proceedings against him culminating in his disbarment by the Colorado Supreme Court, and negotiations for the compromise of the litigation, notwithstanding intermediate arrangement for attention to the suit by other lawyers, and finally the control of it by his son. The negotiations for compromise are denied by opposing affidavits. There was no showing on the part of plaintiff, although it appears he verified the original and amended complaint and the affidavit for publication service, and was personally served with notice of removal of the suit.

The proceedings leading to the decree were in accordance with the Equity Rules (28 USCA § 723). Rule 5 provides that orders pro confesso are grantable of course by the clerk, subject to alteration or rescission by the judge for special cause shown. Rule 16 provides for an order pro confesso for default of an answer, and Rule 31 authorizes an order pro confesso on default for ten days of a reply to a counterclaim, as upon default of an answer to the bill, unless a longer time be allowed by the court, and "in default of a reply, a decree pro confesso on the counter-

claim may be entered as in default of an answer to the bill." Rule 17 provides that, when the bill is taken pro confesso, the court may proceed to a final decree at any time after thirty days from the entry of the order pro confesso, and that "such decree shall be deemed absolute, unless the court shall, at the same term. set aside the same, or enlarge the time for filing the answer, upon cause shown upon motion and affidavit. No such motion shall be granted, unless upon the payment of the costs of the plaintiff up to that time, or such part thereof as the court shall deem reasonable, and unless the defendant shall undertake to file his answer within such time as the court shall direct, and submit to such other terms as the court shall direct, for the purpose of speeding the cause."

The trial court had the inherent power within the term to vacate the decree, but it is urged the discretion of the court should not have been arbitrarily exercised. Hughes, Fed. Prac. vol. 7, § 4467, and cases cited. The question of laches was determinable in the first instance by that court, and upon review we are unable to find its discretionary power was abused in refusing the motion.

There was no compliance with the terms imposed by Rule 17. A conclusive ground for our refusal to revise the action of the trial court is that the plaintiff wholly failed to present a meritorious defense to the counterclaim. In the absence of that showing, it cannot be said that a different final result would be reached, and for that reason the decree should not be disturbed. Manville & Co. v. Francis O. & R. Co. (C. C. A.) 20 F. (2d) 473; Lane v. Selby Shoe Co. (C. C. A.) 45 F.(2d) 581; Christy v. Atchison, T. & S. F. R. Co. (D. C.) 214 F. 1016; Mobile Shipbuilding Co. v. Federal Bridge & Structural Co. (C. C. A.) 280 F. 292; White v. Crow et al., 110 U. S. 183, 4 S. Ct. 71, 28 L. Ed. 113; Schofield v. Horse Springs Cattle Co. (C. C.) 65 F. 433; 34 C. J. p. 329.

We have not overlooked a letter of Florida V. Koen, dated February 29, 1928, exhibited with the affidavit of Granby Hillyer. But the letter is indefinite, and falls short of showing plaintiff's rights in the property. In any event, she was not entitled to detract from the title of the defendant.

We need not extend the discussion to other questions argued, as we consider the showing insufficient to warrant us in reversing the action of the trial court.

The final decree is accordingly affirmed.