United States Court of Appeals,

Fifth Circuit.

No. 92–1303

Summary Calendar.

In the Matter of Marvin A. DIERSCHKE, d/b/a Marvin Dierschke Farms, and Janis L. Dierschke, d/b/a Marvin Dierschke Farms, Debtors.

Brian DIERSCHKE, Appellant,

v.

Walter O'CHESKEY, Trustee, and Tom L. Tippens, Appellees.

Oct. 19, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before POLITZ, Chief Judge, DUHÉ and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:

Brian Dierschke appeals a decision of the district court denying him relief from entry of a default and the subsequent judgment by default by the bankruptcy court. The district court affirmed. Finding neither error nor abuse of discretion we affirm.


Background

This case arises out of a voluntary bankruptcy proceeding involving Dierschke's parents. The trustee and a creditor[1] commenced an adversarial proceeding against Dierschke exactly one year after a reorganization plan had been confirmed by the bankruptcy court. This proceeding involved an alleged series of fraudulent transfers between Dierschke and his parents prior to the filing of their bankruptcy proceedings.[2] Both Dierschke and his lawyer were served with a copy of the complaint

---

[1]Ordinarily we would question a creditor's ability to pursue relief from a fraudulent transfer pursuant to 11 U.S.C. § 544 *sua sponte, see In re Mortgage America Corp.,* 714 F.2d 1266, 1275–76 (5th Cir.1983) (noting creditor's lack of standing); however, because the record indicates that the bankruptcy court authorized the creditor's exercise of the trustee's right to reach fraudulent transfers we need not address the standing issue. *See In re Natchez Corp. of W. Va.,* 953 F.2d 184, 187 (5th Cir.1992).

[2]The transfers are discussed in detail in the district court opinion.

and the summons. No responsive pleadings were filed.

More than two months later, plaintiffs filed a request for entry of default and moved for a default judgment. The clerk entered the default on January 9, 1991. Thereafter, a notice of hearing on damages and attorney's fees was issued. Dierschke responded with an array of motions, including a motion to set aside the default. After a hearing the bankruptcy court found "that the failure to answer was willful" and denied the motion.[3] Following a second hearing the bankruptcy court entered judgment by default for $98,000 in damages and awarded $5000 in attorney's fees.

Upon appeal to the district court Dierschke presented multiple issues which distill to complaints about (1) the bankruptcy court's failure to set aside the default, (2) the entry of the judgment by default, (3) the denial of trial by jury, and (4) the award of attorney's fees. The district court affirmed in all respects. This appeal followed.

Analysis

Initially we note that the entry of the default was proper.[4] The sole issue is whether the court erred in not allowing Dierschke relief therefrom. On appeal we review that decision for abuse of discretion.

Bankruptcy Rule 7055 provides that Federal Rule 55 applies to adversary proceedings. Rule 55 provides that "[f]or good cause shown the court may set aside an entry of default," and the judgment subsequently rendered thereon. We are mindful that "good cause" is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion

---

[3]The written order states that "the defendant willfully failed to answer the Complaint and Summons and that no excusable neglect has been shown." Dierschke complains that the wrong standard, excusable neglect, was applied. The bankruptcy court made clear that it found both a willful failure and no excusable neglect.

[4]*See* Fed.R.Civ.P. 55(a).

the failure of a party to answer a complaint timely.  At the outset it is important, however, to recall that courts " "universally favor trial on the merits' "[5] and that the decision to set aside a default is committed to the sound discretion of the trial court, a discretion that obviously is not unlimited.[6]

As have other courts, we have found it useful to consider three factors in assessing good cause in this default setting.  In *United States v. One Parcel of Real Property,*[7] we stated:

> In determining whether to set aside a default decree, the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.

The bankruptcy court found that Dierschke's failure to answer was intentional, noting that "[t]he plain and simple fact is that Mr. Dierschke chose to play games with this court."  The court did not make any finding on the record as to the remaining factors identified in *One Parcel of Real Property,* although the court entertained argument on these.

We perceive a variance among our circuit colleagues as to whether the court must consider and note its disposition of all three factors on the record.  Decisions of three circuits may be read to require such consideration by the trial court.[8]  Others have treated the factors in the disjunctive.[9]  We

---

[5]*Bridoux v. Eastern Air Lines, Inc.,* 214 F.2d 207, 210 (D.C.Cir.) (quoting *Manos v. Fickenscher,* 62 A.2d 791, 793 (D.C.1948)), *cert. denied,* 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954).

[6]*United States v. One Parcel of Real Property,* 763 F.2d 181 (5th Cir.1985).

[7]763 F.2d at 183 (citation omitted).

[8]*Shepard Claims Service, Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 194 (6th Cir.1986); *Gold Kist, Inc. v. Laurinburg Oil Co.,* 756 F.2d 14 (3d Cir.1985);  *Keegel v. Key West & Caribbean Trading Co.,* 627 F.2d 372, 374 (D.C.Cir.1980).

[9]*See, e.g., Alan Neuman Prod., Inc. v. Albright,* 862 F.2d 1388 (9th Cir.1988) (noting the three-part test and affirming refusal of a Rule 55(c) based solely on plaintiff's culpable conduct), *cert. denied,* 493 U.S. 858, 110 S.Ct. 168, 107 L.Ed.2d 124 (1989);  *see also In re Hammer,* 940 F.2d 524 (9th Cir.1991) (finding the tripartite test disjunctive);  *United States v. Proceeds of Sale of 3,888 Pounds of Atlantic Sea Scallops,* 857 F.2d 46 (1st Cir.1988) (default judgment); *Cassidy v. Tenorio,* 856 F.2d 1412 (9th Cir.1988) (default judgment);  *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am.,* 687 F.2d 182 (7th Cir.1982).

find the latter course more persuasive.

The three factors identified in *One Parcel of Real Property* are not talismanic. Courts have been careful to avoid treating them as though they were exclusive,[10] relying on such other factors including whether: (1) the public interest was implicated,[11] (2) there was a significant financial loss to the defendant,[12] and (3) the defendant acted expeditiously to correct the default.[13] Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause" to set aside a default. That decision necessarily is informed by equitable principles.[14] We conclude that when the court finds an intentional failure of responsive pleadings there need be no other finding.

We review the record to determine if the bankruptcy court's acting on Dierschke's culpable conduct suffices. The factual determination—that the failure to answer was intentional—is reviewed under the clearly erroneous standard.[15] Dierschke explained his failure to answer by stating that he was involved in a second suit when served and, as a result, he did not understand that he had been served with a summons in this case. Dierschke's lawyer was also served. Counsel testified that he had discussed the complaint with Dierschke and had mailed a copy of same to his client well before an answer was due. We find no reason to disturb the court's finding that Dierschke "chose to make a decision that he hadn't been served when, in fact, he had."

---

[10]*E.g., Coon v. Grenier,* 867 F.2d 73 (1st Cir.1989) (The tripartite "compendium is by no means exclusive...."); *Brock v. Unique Racquetball & Health Clubs, Inc.,* 786 F.2d 61, 64 (2d Cir.1986) ("Among the relevant factors are ...").

[11]*E.g., General Motors Corp. v. Blevins,* 144 F.Supp. 381 (D.Colo.1956).

[12]*E.g., Bridoux,* 214 F.2d at 210.

[13]*E.g., Zuelzke Tool & Eng'g Co. v. Anderson Die Castings, Inc.,* 925 F.2d 226 (7th Cir.1991).

[14]*Koen v. Beardsley,* 63 F.2d 595 (10th Cir.1933).

[15]Fed.R.Civ.P. 52(a).

The determination that the default should not be set aside is reviewed for abuse of discretion. A motion to set aside a default usually arises at a point when final judgment has not been rendered. Thus, while courts apply essentially the same standard to motions to set aside a default and a judgment by default,[16] the former is more readily granted than a motion to set aside a default judgment. The willful failure to answer, the lack of any meritorious defense, and the existence of resulting prejudice to the plaintiff, depending on the circumstances, typically can provide adequate cause for the court to deny a motion to set aside a default. Assuming no prejudice to the plaintiffs and that Dierschke had meritorious defenses does not automatically overcome the willful failure to answer. Willful failure alone may constitute sufficient cause for the court to deny this motion. Although Dierschke's counsel acted promptly after being notified of the hearing on attorney's fees, considering his client's conduct, the court's refusal to set aside the default was not an abuse of discretion.

Having determined that the courts *a quo* did not abuse their discretion by refusing to set aside the default, we address the remaining issues. Dierschke claims that the court erred by entering a final judgment. Specifically, he claims that the pleadings do not support the entry of judgment on default because the complaint failed to allege that there was an unsecured creditor in existence at the time of the challenged transfers. The applicable law provides a cause of action to any creditor whose claim "arose within a reasonable time before or after the transfer was made...."[17] The complaint alleged that the transfers were made "with the actual intent to hinder, delay, and defraud their creditors." We find that this sufficiently alleged that the transfers were made while creditors held unsecured claims.

Dierschke also complains that he was denied the right to a jury trial. It is universally

---

[16]*See generally,* 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2692 at 470 (1983). Because we find that the bankruptcy court's decision did not violate what is commonly recognized as the most lenient standard, we need not decide whether the Rule 55(c) good-cause standard is equivalent to the standard applied to relief from judgment under Rule 60(b). *See FSLIC v. Kroenke,* 858 F.2d 1067 (5th Cir.1988).

[17]Tex.Bus. & Com.Code Ann. § 24.005(a) (Vernon 1987).

understood that a default operates as a deemed admission of liability.[18]  It is also "clear ... that in a default case neither the plaintiff nor the defendant has a constitutional right to a jury trial on the issue of damages."[19]  Assuming that Dierschke had the right to a jury trial he waived that right when he purposefully chose not to answer the suit and timely request such a trial.

Finally, Dierschke complains of the award of attorney's fees.  The complaint did not request such relief.  As an initial matter we note that there is no general authority for the award of attorney's fees in bankruptcy litigation.  In *Cates v. Sears Roebuck & Co.,*[20] we recently held that federal rules usually govern the procedure employed in the taxation of fees in federal proceedings.  This rule has particular application in bankruptcy proceedings which are uniquely federal.  We look, then, to the federal rules.  They do not support Dierschke's contention.  It is true, of course, that Rule 8(a) requires a specification of the relief requested by the plaintiff and that Rule 54(c), and for that matter fundamental fairness, dictate that a judgment by default operates as a deemed admission only as to the relief requested in the complaint.[21]  But the attorney's fees objected to were not awarded by virtue of the entry of a default judgment alone.  A default was entered on the issue of liability, but before judgment was entered for the attorney's fees Dierschke had notice, appeared, and opposed that award.  Rule 54(d) provides authority for the judgment rendered herein;  it provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleading."  The plaintiffs were entitled to the attorney's fees awarded by the court.

---

[18]*Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1414 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1019, 112 L.Ed.2d 1100 (1991).

[19]5 Moore's *Federal Practice* § 38.19[3] (1992).

[20]928 F.2d 679 (5th Cir.1991) (citing *Erie Ry. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).

[21]Fed.R.Civ.P. 54(c);  *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975).

For these reasons, the judgment of the district is, in all respects, AFFIRMED.