**INTERSCOPE RECORDS,
et al., Plaintiffs,**

v.

**Kristina BENAVIDES, Defendant.**

**No. SA–05–CA–232–OG.**

United States District Court,
W.D. Texas,
San Antonio Division.

Feb. 24, 2006.

Kristi Belt, Shook, Hardy & Bacon, L.L.P., Houston, TX, for Plaintiffs.

Kristina Benavides, Laredo, TX, pro se.

Robert Loye McRae, Ted D. Lee, Gunn & Lee, P.C., San Antonio, TX, for Defendant.

## ORDER DENYING MOTION
## TO SET ASIDE

ORLANDO L. GARCIA, District Judge.

Before the Court is defendant's motion to set aside entry of default and default judgment. Plaintiffs filed this complaint on March 24, 2005. They obtained service on July 16, 2005 by leaving copies of the summons and complaint with defendant's father who confirmed to the process server that defendant was his daughter and that she resided at the address. (Docket no. 3.) Defendant admits reviewing the papers but indicates that she did not understand them and did not understand that a lawsuit had been filed against her. Defendant states that "soon after July 16, 2005" she "contacted several attorneys" although she does not name them or indicate when she saw them. Apparently, none of the attorneys would take the case and "[a] few" told her she was "judgment proof", which she took to mean that she did not need to worry about the complaint. Some three and a half months had passed from the time of service when in late October defendant received a letter from plaintiffs' attorney stating that plaintiffs were seeking a default judgment against her. Defendant states she contacted an unidentified lawyer in the Dallas/Ft. Worth area who advised her to write a letter to the Clerk denying the allegations.

The Clerk entered default on November 7, 2005. On November 14, the Clerk received and filed a letter signed by defendant in which she states, "I am denying all charges brought against me." She did not serve a copy of the letter on plaintiffs. On Novem-

ber 22, the Court entered a default judgment against defendant. After receiving notice of the default judgment, defendant states she contacted several law offices (again unidentified), but was unsuccessful in hiring an attorney. Finally, on January 10, 2006, she retained her present counsel who filed the motion to set aside on January 13.

■■■ Federal Rule of Civil Procedure 60(b)(1) permits relief from a default judgment for "mistake, inadvertence, surprise, or excusable neglect" on a motion made within one year of the judgment. Fed.R.Civ.P. 60(b)(1). Courts construe Rule 60(b)(1) liberally to ensure that they resolve doubtful cases on the merits. *Rogers v. Hartford Life and Acc. Ins. Co.,* 167 F.3d 933, 938 (5th Cir.1999). The Fifth Circuit has directed district courts to focus in particular on the following three factors when determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1) of the Federal Rules of Civil Procedure: "(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of [the] defendant's conduct." *Id.* at 938–39. However, "[t]hese factors are not 'talismanic.'... A district court may consider other factors, and the decision of whether to grant relief under Rule 60(b)(1) falls within its sound discretion." *Id.* at 939 (internal citations omitted). "[W]hile courts apply essentially the same standard to motions to set aside a default and a judgment by default, the former is more readily granted than a motion to set aside a default judgment." *Matter of Dierschke,* 975 F.2d 181, 184 (5th Cir.1992) (footnote omitted).

■■ Before addressing the three *Rogers* factors, the Court will consider first whether defendant's November 14 letter constitutes an appearance. FED. R. CIV. P. 55(b)(2) provides: "If the party against whom judgment by default is sought has *appeared in the action,* the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application [for default judgment] at least 3 days prior to the hearing on such application." *Id.* (emphasis added). The Fifth Circuit has "taken an expansive view as to what constitutes an appearance under Rule 55(b)(2)." *Rogers,* 167 F.3d at 936. An "appearance" is not limited "to those instances in which the party has made a physical appearance in court or has filed a document in the record. Rather, we have required only that the party against whom the default judgment is sought indicate in some way an intent to pursue a defense." *United States v. McCoy,* 954 F.2d 1000, 1003 (5th Cir.1992).

> Rather, to qualify as an appearance and trigger Rule 55(b)(2)'s notice requirements, the defendant's actions merely must give the plaintiff a clear indication that the defendant intends to pursue a defense and must "be responsive to the plaintiff's formal Court action." *Baez v. S.S. Kresge Co.,* 518 F.2d 349, 350 (5th Cir.1975); *see also Sun Bank [of Ocala v. Pelican Homestead & Sav. Ass'n,]* 874 F.2d [274,] 276 [ (5th Cir.1989) ] (noting that appearances " 'include a variety of informal acts on defendant's part which are responsive to plaintiff's formal action in court, and which may be regarded as sufficient to give plaintiff a clear indication of defendant's intention to contest the claim' ") (quoting 6 MOORE'S FEDERAL PRACTICE § 55.05(3) (2d ed.)).

*Rogers,* 167 F.3d at 937. Thus, to constitute an appearance two requirements must be met: defendant's action must provide notice to the plaintiff and be responsive to the plaintiff's action.

■■■ When defendant sent her post-default letter to the Court she was not represented by counsel. Thus, her statement that she "den[ied] all charges" may be viewed generously as a general denial filed in response to plaintiffs' motion for default judgment. Even so, because defendant failed to serve a copy of her letter on plaintiffs, it cannot be said that the letter gave plaintiffs "a clear indication of defendant's intention to contest the claim." A communication to plaintiff's counsel in which the defendant's lawyer indicated an intention to defend the suit may suffice as an appearance even when no formal papers are filed. *Charlton L. Davis & Co. P.C. v. Fedder Data Center,* 556 F.2d 308, 309 (5th Cir.1977). In the present case, however, defendant gave no indication

whatsoever to plaintiffs that she intended to contest the claim. Thus, the Court finds that her November 14 letter did not constitute an appearance under Rule 55(b)(2).

█ Defendant argues that her default was not willful, but constituted mistake, inadvertence or excusable neglect. She argues that she did not understand the severity or nature of the lawsuit and that several of the attorneys she consulted with told her she was "judgment proof." She further argues that after she received notice of the default judgment, she promptly sought legal assistance.

The Court finds that defendant's failure to timely answer was intentional and not excusable. Defendant admits in her affidavit that she was aware of the summons and complaint soon after her father accepted service. The summons indicated clearly that defendant was required to serve an answer on plaintiffs within 20 days and that if she failed to do so a judgment by default would be taken against her. Defendant contacted several attorneys, but none took her case. When a few of those attorneys told her she was judgment proof, she took no further action until she received the letter from plaintiffs' attorney that plaintiffs were seeking a default judgment against her. Defendant again contacted an attorney who told her to write a letter to the Clerk, which she did but to no legal effect. Again she took no further action until she received notice of the default judgment. During these eight months, defendant made no attempt to contact the plaintiffs. The Court must conclude that defendant's conduct is inexcusable. *See Marziliano v. Heckler,* 728 F.2d 151, 156 (2d Cir.1984) (holding that a default is deemed willful where a defendant knowingly ignores the complaint without action). Such willful, inexcusable action does not give rise to relief from judgment pursuant to Rule 60. *See* FED.R.CIV.P. 60.

█ In summary, even though defendant had actual notice of the lawsuit in ample time to file an answer, she neglected to do so with no apparent excuse other than her status as a layman. When the defaulting party is a pro se defendant, the Court must be especially hesitant to enter a default judgment. "[A]s a general rule a district court

should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing pro se." *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir.1993). However, even pro se litigants must act within the time provided by statute and rules. *See McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). To the extent that defendant attempts to blame the unnamed (and unretained) attorneys for her failure to respond to the complaint, that does not excuse her own failure to answer. *See Hough v. Local 134, Int'l Bhd. of Elec. Workers,* 867 F.2d 1018, 1022 (7th Cir.1989) ("although relief may be granted from judgment for excusable neglect of a party or its counsel such as the failure to receive notice of a judgment, neither ignorance nor carelessness on the part of any attorney will provide grounds for relief under FRCP 60(b)."). Additionally, the difficulty and expense of obtaining counsel does not constitute good cause for default, especially in light of the fact that defendant made little effort to explain her situation to the Court and no effort to explain her situation to opposing counsel. *See Rinieri v. News Syndicate Co.,* 385 F.2d 818, 823 (2d Cir.1967) ("If a party lacks funds it is not given to him to decide ex parte that he is justified in not prosecuting his suit and is free to ignore the rules of the courts."); *United States v. A Single Story Double Wide Trailer,* 727 F.Supp. 149, 154 (D.Del.1989) (repeated efforts to find attorney do not constitute excusable neglect where the claimant does not attempt to enter pro se appearance or to explain situation to opposing party or court); *Original Appalachian Artworks v. Yuil Int'l Trading Corp.,* 105 F.R.D. 113, 116 (S.D.N.Y.1985) (while "[a] bona fide effort to find counsel is certainly relevant to the willfulness of a party's default[ ] ... where a party is notified that he is in default and he apparently makes no effort to appear pro se or to explain his situation to the opposing party and the court, such neglect is inexcusable.").

While the Court must grant defendant considerable leeway as a pro se litigant, at the same time it cannot excuse her failure to act merely on that basis, which is what she seems to ask.[1] While it is regrettable that defendant was unable to find an attorney to assist her, if the Court were to excuse her failure to answer on this ground then the default option would be an empty threat to any pro se defendant who neglected to file an answer.

"[W]hen [a] court finds an intentional failure of responsive pleadings there need be no other finding." *Matter of Dierschke,* 975 F.2d at 184. Defendant's motion to set aside entry of default and default judgment (docket no. 13) is DENIED.

---

1. Ms. Benavides's false sense of security created primarily by her lack of knowledge of the law, and her misunderstanding of conversations she had with several lawyers prior to retaining counsel, were the primary factors in her having a default judgment entered against her.... [T]he default judgment was entered as a result of mistake, inadvertence and excusable neglect created by her inability to appreciate or understand the nature of the complaint or the urgency with which she should have acted.
Defendant's Motion to Set Aside at 5–6.