**UNITED STATES v. JANITZ et al.**

No. 3500c.

District Court, D. New Jersey.

Sept. 18, 1946.

**2**

Edgar H. Rossbach, U.S. Atty. by Charles J. Tyne, Asst. U.S. Atty., both of Newark, N.J., for Government.

Bernard Goldstein, of Paterson, N.J., for defendants Janitz, Potenza, and De Bonis.

George R. Sommer, of Newark, N.J., for defendant Betsy.

Anthony A. Calandra, of Newark, N.J., for defendant Mastroberte.

FAKE, District Judge.

Seven men were indicted, charged in the first count with conspiracy under Title 18 U.S.C.A. § 88; in the second, for unlawfully fermenting mash under Title 26 U.S.C.A. Int.Rev.Code, § 2834; and in the third, for unlawfully possessing an unregistered still under Title 26 U.S.C.A.Int.Rev.Code, § 2810(a).

The case was brought on for trial and resulted in a mistrial for reasons not material here. Divers motions were directed to the court seeking the suppression of the evidence and the dismissal of the indictment as against all the defendants. The result was the suppression of the evidence and the dismissal of the indictment against the defendant Conklin. It appeared that he was the owner of the premises whereon the seizure was made and the circumstances were such that a search warrant should have first been obtained. The indictment was dismissed as to the defendant Petti for lack of sustaining evidence and was dismissed on the first count only, as to the defendants Mastroberte and Betsy. The motion was denied as to the remaining defendants.

Thereafter the government again moved the case for trial and again counsel for the remaining defendants addressed a motion to the court seeking to suppress the evidence as to them. This time, basing the motion on the provisions of Rule 41(e) which had, in the interim, become effective. The rule provides as follows: "A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained * * *. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial. * * *"

We are here concerned with the question as to whether or not, under the foregoing rule, the evidence so seized as above may be used against these remaining defendants. Can they now complain in the absence of a proprietary interest?

▮ There seems to be no ambiguity whatever in the language of the rule. It says that evidence so obtained "shall not be admissible in evidence at any hearing or trial." An examination of the minutes of the proceedings which preceded the adoption of this rule, while coming somewhat close to the problem involved, fails to furnish enlightenment. It appears that under the rule as suggested in the first and second preliminary drafts it was provided that such evidence "shall not be admissible in evidence at any hearing or trial *of the proceeding in connection with which the seizure occurred.*" A comparison of these preliminary drafts with the rule as adopted shows that the limitation above emphasized was finally eliminated. Prior to the adoption of this rule the law was firmly established in this circuit to the effect that one could not complain of an unlawful search and seizure unless he had a proprietary interest in the property wrongfully seized. Mabee v. United States, 3 Cir., 60 F.2d 209; United States v. White 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542. The remaining defendants in the instant case had no interest whatever in the property and under the law, as it was prior to the new rule, they could not be heard to complain. While the United States Supreme Court "has never been called upon to decide the point, the federal courts in numerous cases, and with unanimity, have denied standing to one not the victim of an unconstitutional search and seizure to object to the introduction in evidence of that which was seized." Goldstein v. United States, 316 U.S. 114, at page 121, 62 S.Ct. 1000, 1004, 86 L.Ed. 1312. This was the view prior to the Congressional enactment of Rule 41 which places the rule in the sphere of legislation transcending a mere rule of court.

This court cannot harmonize the above opinion with the provision of the rule that such evidence cannot be used at any hearing or trial. To do so would cause the court to enter the legislative field. The rule of construction is that language of this type shall be given its usual and generally accepted meaning. Whether or not the words in question vest any right in any one to complain is beside the point. The rule must be construed as a restriction on the power of the court to permit the introduction of such tainted evidence. And, if prior to or in the course of a trial the issue is raised, the court must follow the Act of Congress. Indeed it would seem to be the duty of the court itself to raise it. Nor is this altogether undesirable since if the government, through its agents and without justification carried away, or seized property unlawfully, it cannot be and ought not to be permitted in justice or sound reason to gain any advantage whatever from such illegal conduct. The motion to suppress as to the remaining defendants is granted.

NOTE: Appendix A of the Rules under Form 16 opens as a written motion directed to the court and concludes as a petition in which an owner of property unlawfully seized petitions that it be returned and suppressed as evidence "against him in any criminal proceeding." This form apparently does not go as far as the language of the rule clearly permits.