UNITED STATES of America,
Plaintiff-Appellee,

v.

ONE PARCEL OF REAL PROPERTY,
etc., et al., Defendants,

Ignacia Payan Angula,
Claimant-Appellant.

No. 84–2591
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 17, 1985.

Pena, McDonald, Prestia & Ibanez, L. Aron Pena, Edinburg, Tex., for claimant-appellant.

Henry K. Oncken, U.S. Atty., James R. Gough, Frank A. Conforti and C.J. Calnan, Asst. U.S. Attys., for plaintiff-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

REAVLEY, Circuit Judge:

Ignacia Payan Angula appeals from entry of a default decree ordering the forfeiture of a parcel of real property owned by Angula to the United States. We reverse.

On July 6, 1984, the United States filed a sworn complaint for forfeiture against a parcel of real property. The complaint alleged that the property was proceeds traceable to exchanges of controlled substances and was, therefore, subject to forfeiture and seizure under 21 U.S.C. § 881(a) (1982).[1] On the same day, the district court issued a warrant of arrest, directing the marshal to seize the property.

Notices of the seizure were sent on July 6, 1984 to Frank Garcia, Emilio Payan, and Irene Navidad. At the time the United States filed its motion for a default decree of forfeiture, it believed that Garcia was the owner of the property. On appeal, the United States argues that all information available to it at the time it filed the complaint indicated that Payan and Navidad, apparently Angula's son and daughter-in-law, were the owners of the property. Notice was also posted on the property, which was unoccupied at the time, on July 6 and published in a local newspaper on July 11.

The true owner of the property, however, was Angula. On June 24, 1983, Garcia transferred the property to Angula through a warranty deed which was properly recorded the same day. The United States does not explain why it was unable to determine who was the proper owner of the property.

On August 8, 1984, the United States moved the court for a default decree, stating that proper notice had been given and

---

**1.** In relevant part, 21 U.S.C. § 881(a) (1982) reads:

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

&ast; &ast; &ast; &ast; &ast; &ast;

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in viola-tion of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

that no timely claims had been filed.[2] On August 27, 1984, Angula filed a motion for leave to file a sworn claim. Angula asserted that she was the owner of the property, attaching certified copies of the deed and recording, that she never received notice of the forfeiture proceeding, and that the property was not subject to forfeiture. On October 11, 1984, the district court entered a default decree, thereby denying Angula's motion for leave to file a claim.

On appeal, Angula argues that the district court erred in entering the default decree because the United States failed to give her proper notice of the forfeiture proceeding and because the United States never proved that she acquired the property with proceeds from transactions in controlled substances. Interpreting her motion for leave to file a sworn claim as a motion to set aside an entry of default under Fed.R.Civ.P. 55, *see In re Maqouirk*, 693 F.2d 948, 951 (9th Cir.1982) (motion for extension of time to file complaint in bankruptcy compared to motion to set aside default judgment); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981) (opposition to motion for a default judgment treated as a motion to set aside entry of default despite absence of a formal motion), we agree with Angula that the default decree must be set aside.

■ Fed.R.Civ.P. 55(c) provides that default decrees may be set aside if the party seeking relief shows good cause. The decision to set aside a default decree lies within the sound discretion of the district court. *Traquth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983). However, because modern federal procedure favors trials on the merits, "[a]n abuse of discretion need not be glaring to justify reversal." *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 373–74 (D.C.Cir.1980). In determining whether to set aside a default decree, the district court should consider whether the default was willful, whether

setting it aside would prejudice the adversary, and whether a meritorious defense is presented. *Meehan v. Snow*, 652 F.2d at 277. Although a motion to set aside a default decree under Fed.R.Civ.P. 55(c) is somewhat analogous to a motion to set aside a judgment under Fed.R.Civ.P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect. *Id.* at 276.

■ Here, the record does not indicate and the government does not argue that Angula's failure to file a claim and answer *within the time limits* was willful. By the time Angula heard of the forfeiture proceeding, the time limit for filing a claim had passed. Furthermore, soon after she learned of the proceeding, Angula, through retained counsel, filed several documents opposing the forfeiture proceeding. Although the first two documents were deficient for various reasons and the third, the motion for leave to file a claim, was untimely, there was no evidence that Angula acted willfully in failing to assert her opposition to the forfeiture proceeding once she became aware of it.

Furthermore, there is no evidence in the record that the United States will be prejudiced if the default decree is set aside. That setting aside the default would delay forfeiture of the property if the government were to succeed at trial or would require the government to litigate the action is insufficient prejudice to require the default decree to stand. *See Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d at 374.

Finally, Angula's motion obtusely contains a meritorious defense. In her motion and attached deed and recording, Angula proves that she is the owner of the property. The United States' complaint and motion for default, at most, allege that Garcia, Payan, and Navidad acquired the property with proceeds from exchanges in controlled

---

2. Supplemental Rule for Certain Admiralty and Maritime Claims C(6), which governs this forfeiture proceeding, 21 U.S.C. § 881(b) (1982), provides that a claimant must file a claim within ten days after process has been served and serve an answer within twenty days of the filing of the claim.

substances. The government made no allegation that Angula obtained the property with such proceeds. Absent such an allegation and proof, forfeiture of the property as against Angula is not proper. *See* 21 U.S.C. § 881(a)(6) (1982).

In sum, on the record before us, the default was not willful, the United States will not be prejudiced if the default decree is set aside, and Angula alleges a meritorious defense. Therefore, because there is no reason to deny Angula a chance to assert her claim, it was an abuse of discretion to refuse to set aside the decree. *See Keegel v. Key West & Caribbean Trading Co.,* 627 F.2d at 374. Accordingly, we reverse the entry of the default and remand with directions to grant Angula's motion for leave to file a claim.

REVERSED and REMANDED.