**June Gray ROBINSON**

v.

**William Ford GRIFFITH.**

**Civ. A. No. 84–2352.**

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

Nov. 12, 1985.

Jacque B. Pucheu, Jr. and John H. Pucheu, Pucheu & Pucheu, Eunice, La., for plaintiff.

Thomas R. Hightower, Jr., Voorhies & Labbe, Lafayette, La., for defendant.

## RULING

SHAW, District Judge.

Now before the Court is plaintiff's motion for reconsideration of this Court's ex parte order setting aside an entry of default. Plaintiff urges that the order should not have been signed ex parte and further that "good cause" did not exist such as to warrant this Court's decision to set aside the entry of default.

Plaintiff argues that setting aside an entry of default should be by contradictory motion since Rule 55(c) of the Federal Rules of Civil Procedure states that the entry of default may only be set aside for "good cause shown." The Court notes that in light of plaintiff's motion to reconsider the motion to set aside the entry of default, the motion is now being decided via contradictory hearing. All parties have responded to this motion. Consequently, the Court will not decide the issue of whether a contradictory hearing is required in all motions to set aside an entry of default.

Federal Rule of Civil Procedure 55 provides the mechanism for obtaining a judgment of default. Prior to obtaining a default judgment, there must be an entry of default. In the instant case, the plaintiff had only obtained an entry of default and not a default judgment.

■ Federal Rule 55(c) provides for relief from an entry of default. It states that for "good cause shown" an entry of default may be set aside. Furthermore, Local Rule 27(C) of the Western District provides:

> In addition to the provisions of Rule 55 of the Federal Rules of Civil Procedure, the following rules shall apply to default judgments:
>
> ....
>
> 4. The filing of an answer by a defendant against whom default has been entered subsequent to the date of entry of default but prior to signing of a Judgment by Default shall have the effect of setting aside entry of default against such defendant.

Defendants argue that the language in Local Rule 27(C)(4) is mandatory and therefore, the filing of an answer, alone, is sufficient to set aside the entry of default. Defendants fail to note that Local Rule 27(C) begins with the language: "In addition to the provisions of Rule 55 of the Federal Rules of Civil Procedure...." Consequently, the defendants must comply with all of the requirements of Rule 55 and those of Local Rule 27.

Local Rule 27(C)(4) is not a substitute for the requirement that "good cause" be shown in order to set aside an entry of default. 28 U.S.C. § 2071 and Federal Rule 83 allow the district courts to enact local rules provided they are not inconsistent with the federal rules. If this Court were to read Local Rule 27(C)(4) as defendant advances, the local rule would be subject to attack because it would be inconsistent with Federal Rule 55. Rule 55 requires a showing of "good cause" for setting aside an entry of default. Those who enacted this rule intended that a showing of good cause be made and determined on a case by case basis. *Rasmussen v. W.E. Hutton & Co.*, 68 F.R.D. 231 (D.C.Ga.1975); *Phillips v. Flynn*, 61 F.R.D. 574 (D.C.Pa. 1974). A per se rule that the filing of an answer before entry of a default judgment equals good cause in every case would not be consistent with the intent of those who enacted Rule 55. This Court will consider the filing of an answer before entry of the judgment as *a* factor in determining whether good cause exists but not as the sole criterion.

■ Rule 55 does not define "good cause." It has been held, consistently, that the decision whether or not "good cause" exists in a case is left to the sound discretion of the court. 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2693, at 472–477 (1983); *McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000 (5th Cir.1970). Three criteria are generally analyzed by the district courts in deciding whether to set aside an entry of default: (1) whether the default was the result of gross negligence, (2) whether the moving party has presented a meritorious defense, and (3) whether setting aside the default would prejudice the party who secured the entry of default. 10 C. Wright, *supra*, section 2696, at 518–519; *United States v. One Parcel of Real Property*, 763 F.2d 181 (5th Cir.1985).

■ Plaintiff filed suit on August 28, 1984 and defendant was served on September 11, 1984. Defendant requested and was granted a twenty-day extension to answer. When defendant failed to answer within the delay, plaintiff entered a default on February 7, 1985 and notice was sent to the defendant. On February 23, 1985 defendant, Mr. Griffin and/or Griffith died. No judgment of default was ever entered. Throughout the above proceedings, defendant did not have an attorney to represent him in this action. On July 22, 1985, counsel was retained. Shortly thereafter, on August 2, 1985 defendant filed a motion to set aside the entry of default.

In light of the above stated facts, this Court finds that the entering of the default

was not due to gross neglect on the part of the defendant. He was not represented by counsel. A review of his motion for a twenty-day extension to answer shows that he diligently sought the aid of counsel but was unsuccessful. Although Mr. Griffin and/or Griffith may have been neglectful in not filing an answer or a motion for an additional extension, one can hardly say that is gross neglect on the part of a lay person who was not able to obtain the advice of an attorney.

The Court notes that almost six months had gone by since the entering of the default before the motion to set it aside was filed. Under other circumstances this may be deemed to be gross neglect but we cannot conclude so here. Mr. Griffin and/or Griffith died less than three weeks after the default was entered and an attorney was not retained until late July. That attorney filed the motion less than two weeks after being retained. The Court finds that under these circumstances the delay was not the result of gross neglect.

 The defendant filed an answer on August 2, 1985. This answer objects to the subject matter jurisdiction and venue of the Court. Defendant also claims that there has been insufficiency of process and/or insufficiency of service of process on the defendant. Defendant further denies the allegations of plaintiff's petition. Although defendant does not state any facts to support these defenses the Court notes that the lack of such facts is not fatal. In the case of *Keegel v. Key West & Caribbean Trading Company, Inc.,* 627 F.2d 372 (D.C.Cir.1980), the court reversed the district court's denial of setting aside an entry of default. In discussing the "meritorious defense" criterion the court stated:

Likelihood of success is not the measure. Defendant's allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense.

In *Keegel,* the defendant's answer alleged lack of subject matter jurisdiction and denied any misrepresentations, fraudulent acts, or securities law violations. The court stated: "Though somewhat broad and conclusory, those allegations adequately meet the meritorious defense criterion for setting aside the default."

This Court agrees with the *Keegel* decision. There is no lack of a meritorious defense in this case. Although conclusory, defendant has made allegations which contain a "hint of suggestion", that, proven at trial, would constitute a complete defense.[1]

As stated in 10 C. Wright, *Federal Practice and Procedure:*

The demonstration of a meritorious defense is not expressly called for by the federal rules and, therefore, the nature and extent of the showing that will be necessary is a matter that lies within the court's discretion. In lieu of insisting upon a presentation of facts indicating the existence of a defense as a condition to relieving the default, a court, in the exercise of its discretion, may evaluate and accept an excuse for failing to make a showing of this type.

Section 2697 at 531.

This Court notes that defendant's motion to set aside the entry of default along with his answer were filed less than two weeks after counsel was retained. Counsel may have determined that defenses did exist, as is indicated by the allegations in the answer, but that further discovery would be necessary to establish a detailed factual basis for these defenses. Due to the ur-

---

**1.** In the case of *Moldwood Corp. v. Stutts,* 410 F.2d 351 (5th Cir.1969), the Fifth Circuit stated that a motion to set aside a judgment of default should contain a clear and specific statement showing, not by conclusion, but by definite recitation of facts, a meritorious defense. However, this was a motion to set aside a judgment of default and not a mere entry of default as in the case at hand. It has been noted that federal courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment. 10 C. Wright, *supra,* section 2697, at 531; *United States v. One Parcel of Real Property, supra,* at 183. Consequently, this statement by the fifth circuit does not necessarily apply to a motion to set aside the entry of a default.

gency of the situation requiring counsel to file the motion before a judgment of default was entered, this Court finds defendant's actions excusable. Counsel for defendant has indicated that he is diligently conducting discovery and investigation to uncover the facts to support its defenses.

 The third criterion to be analyzed is that of prejudice to the plaintiff. Plaintiff claims that she will be prejudiced if the default is set aside because "since plaintiff obtained the entry of default, she saw no need to go to a tremendous amount of trouble to establish evidence to support her claim." This Court rejects plaintiff's argument. Indeed, the fifth circuit, in the case of *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200 (5th Cir.1975) in an attack on a default judgment, stated:

> The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law. In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.

Accordingly, it cannot be said that plaintiff is in any worse position if we set the default aside, than she would be in if we did not.

If we do not set it aside plaintiff must still obtain a judgment of default. A party who requests a judgment by default is not entitled to one as a matter of right. 10 C. Wright, *supra*, section 2685, p. 422. When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise his "sound judicial discretion" in determining whether the judgment should be entered. 10 C. Wright, *supra*, section 2685, at 420–421. It is quite possible that plaintiff would be required to present evidence to this Court beyond the allegations of her complaint, to establish her claim; therefore, there is no prejudice to the plaintiff.

Upon reconsideration of this Court's August 2, 1985 order setting aside the entry of the default this Court concludes that its decision to set aside the entry of default was correct.