**Michael J. RILEY**

v.

**ALLSTATE INSURANCE COMPANY.**

Civil A. Nos. 95–2267, 95–2278.

United States District Court,
E.D. Louisiana.

April 3, 1996.

Michael J. Riley, New Orleans, LA, pro se.

James L. Donovan, Jr. and James F. Ryan, Donovan & Lawler, Metairie, LA, for defendant.

### ORDER SETTING ASIDE ENTRY OF DEFAULT

VANCE, District Judge.

This matter is before the Court on the motion of plaintiff, Michael J. Riley ("Riley"), for entry of default judgment and the motion of defendant, Allstate Insurance Company ("Allstate"), to set aside the entry of default. For the reasons stated below, the Court grants Allstate's motion to set aside the entry of default.

### I. BACKGROUND

On May 8, 1995, the New Orleans area was inundated with rain that resulted in flooding throughout the city. Shortly thereafter, Riley filed a claim with Allstate for flood damage to the property located at 7137 West Tamaron Boulevard. Approximately two weeks later, Michael Kolsbun ("Kolsbun"), an Allstate agent, notified Riley that an inspection of the property would need to be conducted. (Defendant's Ex. B, Aff. of Michael Kolsbun at ¶ 3.) On June 7, 1995, the premises were inspected. (Id. at ¶ 4.)

On June 26, 1995, Aaron Gamble, the agent who issued the policy for the mortgagors of the property, William and Sheila Stallworth, informed Kolsbun that Riley was not the named insured. (Id. at ¶ 5.) When Riley was advised of this development, he told Kolsbun that he would send the bond for deed agreement he had with the Stallworths as proof of ownership. (Id.) On July 7, 1995, Riley provided Allstate with the bond for deed agreement. (Id. at ¶ 6.)

On July 13, 1995, Riley filed suit against Allstate alleging breach of contract in connection with the flood insurance policy. Riley contends that Allstate violated the bad faith insurance provisions of La.R.S. 22:658 and 1220 and racially discriminated against him in violation of 42 U.S.C. §§ 1981 and 1982. According to Kolsbun, Riley told Allstate that he would drop the lawsuit if the claim was settled by August 1, 1995. (Id. at ¶ 8.) On July 31, 1995, Riley signed a proof of loss for a net amount of $10,382.42. (Id. at ¶ 9.) The same day, Riley accepted two checks from Allstate, one for $2505.31 and the other for $7877.11. (Id. at ¶ 10.) According to Kolsbun and Frederick E. Walch, an agent for Pilot Catastrophe Services, Inc.[1], the two checks represented a final settle-

---

1. Pilot Catastrophe Services, Inc. was a subcontractor that assisted Allstate in handling claims arising out of the May 8, 1995 flood. (Defendant's Ex. A., Aff. of Frederick Walch at ¶ 1.)

ment of Riley's suit and Riley agreed to dismiss his suit. (Kolsbun Aff. at ¶ 11; Walch Aff. at ¶ 2.)

On November 1, 1995, the suit was placed on the call docket for Allstate's failure to file an answer within sixty days of service. The Honorable Helen G. Berrigan of this Court passed the case for thirty days. On November 6, 1995, Riley moved for entry of default and default was entered by Judge Berrigan's courtroom deputy on November 13, 1995. On November 13, 1995, Allstate filed its answer.

## II. *DISCUSSION*

Under Fed.R.Civ.P. 55, a party may first seek an entry of default and then move for a default judgment. After securing his entry of default, Riley moved the Court for an entry of default judgment pursuant to Fed. R.Civ.P. 55(b). Allstate followed with an opposition brief and a motion to set aside the entry of default entered on November 6, 1995. *See* Fed.R.Civ.P. 55(c). Because Allstate has moved to set aside the default, the Court will first examine if Allstate has shown the "good cause" necessary to set aside entry of default. *See United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir.1985) (using the "good cause" standard to analyze the respective parties' motions).

Because a judgment of default has yet to be entered, the Court will apply the less rigorous "good cause" standard for setting aside the entry of default, rather than the "excusable neglect" standard for setting aside default judgments. Fed.R.Civ.P. 55(c) and 60(b); *One Parcel*, 763 F.2d at 183. In determining whether to set aside an entry of default, the Court should consider (1) whether default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir.1992); *One Parcel*, 763 F.2d at 183. However, consideration and disposition of all three factors are not required; the test is disjunctive. *Dierschke*, 975 F.2d at 184. Indeed, courts have been careful not to treat the three factors as though they were exclusive, relying on such other factors as whether: (1) the public interest was implicated; (2) there was a significant financial loss to the defendant; and (3) the defendant acted expeditiously to correct the default. *Id.* Whatever factors are used by courts to determine the propriety of setting aside a default, the imperative is that the factors be used to identify whether "good cause" is present. *Id.*

The Court finds that Allstate has shown good cause. First, the record suggests that the default was not willful. Allstate has presented sworn affidavits stating that it believed Riley's claim was settled on July 31, 1995 and that Riley agreed to dismiss his suit. (*See* Kolsbun Aff. at ¶ 11; Walch Aff. at ¶ 2.) Therefore, Allstate's failure to file its answer in a timely fashion is understandable. When Allstate was given notice by the November 1, 1995 call docket that the suit had not been dismissed, it filed its answer promptly on November 13, 1995. Second, it is difficult to see how Riley would be prejudiced by setting aside the entry of default. That setting aside the default may delay Riley's damages should he prevail at trial or require Riley to litigate this matter is insufficient prejudice. *One Parcel*, 763 F.2d at 183. Finally, Allstate presents a meritorious defense. It provides competent evidence that Riley may have agreed to settle his suit for the checks Allstate provided him on July 31, 1995.

The Court finds that any one of these factors provides the good cause necessary to set aside the entry of default. Accordingly,

**IT IS ORDERED** that Allstate's motion to set aside the entry of default is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court set aside the default that was entered on November 13, 1995 in Civil Action No. 95–2278.

**IT IS FURTHER ORDERED** that Riley's motion for entry of a default judgment is hereby **DENIED**.