Mark D. Pinto THIEMANN, Plaintiff,

v.

ELECTRICAL INSULATION
SUPPLIERS, INC.,
Defendant.

No. Civ. 97–2553 DRD.

United States District Court,
D. Puerto Rico.

June 18, 1998.

Anibal Lugo–Miranda, Hato Rey, PR, for defendant.

Gustavo A. Martinez–Tristani, Figueroa–Morales & Chaves–Caraballo, San Juan, PR, for plaintiff.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the court are several motions relating to the default entered on December 2, 1997, against Defendant, Electrical Insulation Suppliers, Inc. (hereinafter "EIS").

Plaintiff, Mark D. Pinto (hereinafter referred to as "Pinto") moves for a hearing on damages, (Docket No. 4). Defendant, on the other hand, moves to set aside the default, (Docket No. 6), having previously informed the court of an imminent filing to set aside the default, (Docket No. 5). Plaintiff opposed Defendant's Motion to Set Aside the Default, (Docket No. 7). Defendant further requests leave to file a supplemental memorandum, (Docket No. 8), and an addendum thereto, (Docket No. 9). Plaintiff filed a Reply (Docket No. 10). Finally, Defendant filed an Informative Motion as to a document mentioned in its submittal (Docket No. 8), but not duly incorporated because of an error, (Docket No. 11).

The court sets aside the default because EIS has shown "good cause" warranting the relief. (Docket No. 6.) Fed.R.Civ.P. 55(b)(1). The court **denies** the Motion for Setting on Damages (Docket No. 4). The court **grants**

Defendant's leave to file supplemental memoranda (Dockets Nos. 8 and 9), and Plaintiffs leave to file a reply (Docket No. 10). The document enclosed in the Informative Motion, (Docket No. 11), has been considered by the court. The court explains its reasoning below.

■ Fed.R.Civ.P. 55(c) authorizes a trial court in its sound discretion, *United States v. One Urban Lot*, 865 F.2d 427, 429 (1st Cir. 1989), to set aside a default for "good cause shown". *Coon v. Grenier*, 867 F.2d 73, 75 (1st Cir.1989). The matter is to be examined under a "liberal standard" ... "resolv[ing] doubts in favor of a party seeking relief from entry of default" because there is a "philosophy that actions should ordinarily be resolved on their merits" as opposed to by procedural default. *Coon*, 867 F.2d at 76. However, our discretion as a trial court is not unbound or limitless, and "not so elastic as to be devoid of substance." *Id.*

■ The court must examine the "quantum" and the "quality" of defendant's (EIS) "cause" to see if it is "good." *Id.* The court examines "whether the default was willful, whether setting it aside would prejudice the adversary and whether a meritorious defense is presented." *Coon*, 867 F.2d at 76 (citing *One Parcel*, 763 F.2d at 183). Furthermore, other criteria may also be examined, such as "the proffered explanation for the default, the good faith of the parties, the amount of money involved and the timing of the motion." *Coon*, 867 F.2d at 76 (citing *Phillips v. Weiner*, 103 F.R.D. 177, 179 (D.Me.1984)). The court is required to examine the matter in a "practical, common sense manner." *General Contracting Trading Co. v. Interpole*, 899 F.2d 109, 112 (1st Cir.1990).

■ The court proceeds, therefore, to analyze the aforementioned criteria in light of the facts of this case.

### (1) WILLFUL DEFAULT

Defendant EIS has shown that the default incurred was not willful. EIS defended the case administratively before the Puerto Rico Department of Labor, Appellate Division, unemployment and at the local Antidiscrimination Unit (EEOC—delegated local representative). The service of the summons and complaint was made on an agent corporation (CT Corporation Systems) to receive summons on behalf of defendant who mailed the same to EIS. For reasons that are not clear on the record, the summons was not timely sent to local counsel in Puerto Rico, although local counsel asked Plaintiff's counsel on January 14, 1998, about the service of the summons and complaint. At this time, default had already been entered on December 2, 1997. Defendant has proffered that the summons was never received by EIS from its corporate agent. EIS "believes the documents sent by the resident agent were at some point lost within the mail service and thus never received by EIS." (Docket No. 6 at 4.)

Examining the record in toto on a "liberal" standard and "resolving doubts in favor of appellant [EIS]", the court concludes that there is no willful default.

### (2) PREJUDICE TO PLAINTIFF

The prejudice to Plaintiff must not be judged on the criterion of "merely from the passage ... of time" but must be examined to determine if there is evidence that Plaintiff's "witnesses have died, memories have dimmed ... a discovery scheme has been thwarted ... or evidence lost." *Coon v. Grenier*, 867 F.2d at 77. Plaintiff has not proffered evidence of any such prejudice. Further, the court notes that in a case in which answers to the complaint were filed even later in time than in the case at bar, the Court of Appeals has found no prejudice. *Leshore v. County of Worcester*, 945 F.2d 471, 472–73 (1st Cir.1991). "Simply requiring a party to litigate" does not constitute prejudice under Fed.R.Civ.P. 55(c), *Coon*, 867 F.2d at 77 (citing *Robinson v. Griffith*, 108 F.R.D. 152, 156 (W.D.La.1985)). This criterion also favors Plaintiff.

### (3) MERITORIOUS DEFENSES

In order to evaluate this criterion the court analyzes Plaintiff's various causes of action. As to the claim under The Americans With Disability Act ("ADA"), 42 U.S.C.A. § 12101 *et seq.*, Defendant avers that Plaintiff will not

be able to prove that Plaintiff has a physical or mental impairment that substantially limits a major life activity, 42 U.S.C.A. § 12102(2). Plaintiff claims a carpal tunnel incapacity which in other federal cases has been determined insufficient to state an ADA claim. *McKay v. Toyota Motor Mfg., USA, Inc.*, 110 F.3d 369, 371–74 (6th Cir.1997). Further, the parallel claim under local law, P.R. Discrimination Against Disabled Persons, at P.R. Laws Ann. tit. 1 § 501 *et seq.*, may be subject to the same affirmative defense.

As to the cause of action for protection under the Workers Accident Compensation Claim, P.R. Laws Ann. tit. 11 § 1 *et seq.*, wherein Plaintiff claims to have been terminated while suffering from a work-related injury within a period of twelve months, Defendant has produced an administrative decision from Workers Accident Compensation Administrator stating that Plaintiff did not experience any work-related injury at the workplace. Defendant further claims that Plaintiff was not terminated while incapacitated since he was working at the time.

The claim under Law 80 of 1976 for unjust dismissal under P.R. Laws Ann. tit. 29 § 185 *et seq.* does not satisfy the jurisdictional amount of $75,000.00, required under 28 U.S.C. § 1332. Further, Defendant implies it had "just cause" for terminating Plaintiff. P.R. Laws Ann. tit. 29 § 185b(b)(c). (Supplemental Brief, (Docket No. 8 at 8), violation of company policies, unacceptable performance of duties.)

Defendant, therefore, has meritorious defenses to Plaintiff's claims.

### (4) EXPLANATION FOR DEFAULT

Defendant has proffered a reasonable explanation for the occurrence of the default. The summons sent by the agent corporation, CT Corporation, was never received by the company. Local counsel in Puerto Rico acted diligently in inquiring as to the service of a summons from Plaintiff's counsel and, after being advised of the default, promptly filed the Motion to Set Aside the Default. (Docket No. 6.)

### (5) THE AMOUNT OF MONEY INVOLVED

Plaintiff is claiming $750,000.00 in total damages. The court notes that $40,000.00 in damages is claimed in back pay alone. Plaintiff further claims punitive damages under the ADA and double damages, including back pay and compensatory damages, under the local ADA, plus prejudgment interest, costs, and lawyer's fees. This criteria obviously favors Defendant, considering that "actions should ordinarily be resolved on their merits." *Coon*, 867 F.2d at 76.

### (6) THE TIMING OF THE MOTION

Default was entered on December 2, 1997. Counsel for Defendant learned of the default on January 14, 1998. The Motion to Set Aside Default was filed on January 26, 1998. Counsel for Defendant acted diligently and filed for adequate relief, as the motion for relief was filed approximately eight weeks after entry of default (within ten working days of having knowledge of the default) and prior to judgment being entered in the case. In the instant case the motion for relief was filed prior to entry of judgment and the answer to the complaint was filed in a much shorter period than allowed in other similar cases where relief has been authorized. *Leshore*, 945 F.2d at 472–73 (answer filed about nine months after default, motion to set aside default filed about four months after default was entered).

### (7) GOOD FAITH

Good faith is found should there be no evidence of bad faith. The court cannot paint a "two one sided picture." *Coon*, 867 F.2d at 78. Plaintiff did act in good faith, properly summoned Defendant, and even notified counsel for the Defendant when they inquired about the summons. This factor favors Plaintiff although, as was the case in *Coon*, this criterion "[does] not seem to overbalance the desirability of having the case decided on the merits." 867 F.2d at 78.

### CONCLUSION

Examining the criteria under a "liberal approach" because no judgment has been

entered, and considering that "actions should ordinarily be resolved on their merits," the court sets aside the default entered on December 2, 1997. The answer tendered by Defendant EIS on January 26, 1998, is authorized to be filed and docketed.

IT IS SO ORDERED.