Abby MACH, Phyllis Rosenberg, and Paul Rosenberg, Plaintiffs,

v.

FLORIDA CASINO CRUISE, INC., Defendant, and

Leisure Express Cruise, L.L.C., Reach and Apply and Trustee Process, Defendant.

No. Civ.A. 98–11977–PBS.

United States District Court, D. Massachusetts.

June 8, 1999.

Joseph J. Wadland, Wadland & Nichols, Lawrence J. Mullen, Wadland & Associates, Boston, MA, for plaintiffs.

Christopher M. Jantzen, Jantzen & Sacchitella, Timothy R. McHugh, Hoch & McHugh, Boston, MA, for defendants.

**MEMORANDUM AND ORDER**

SARIS, District Judge.

## I. *INTRODUCTION*

This case arises out of an action seeking full faith and credit for judgments entered by a Florida court against Florida Casino Cruis-

es, Inc. ("Florida Casino"), in favor of three personal injury plaintiffs, Abby Mach, Phyllis Rosenberg and Paul Rosenberg. Default was entered on February 9, 1999, against Florida Casino due to its failure to answer or otherwise respond to two amended complaints. The plaintiffs now move for entry of a default judgment. Florida Casino seeks removal of the entry of default. For the reasons set forth below, default judgment against Florida Casino is ordered.

## II. *BACKGROUND*

On August 5, 1995, plaintiffs, who were passengers aboard Florida Casino's vessel, Vegas Express, were injured. They brought maritime tort claims against Florida Casino in Florida state court. On August 14, 1998, the state court in Florida entered a final judgment in favor of Phyllis Rosenberg and Paul Rosenberg against Florida Casino in the amount of $20,000.00 and $5,000.00, respectively. On September 8, 1998, the Florida court entered judgment in favor of Abby Mach against Florida Casino in the amount of $200,000.00. These were default judgments, and the trial court denied motions for relief from judgment. Florida Casino appealed.

On September 29, 1998, plaintiffs filed their original verified admiralty complaint in this court, seeking to foreclose preferred maritime liens against the Vegas Express and to obtain full faith and credit in Massachusetts for the Florida judgments. On October 2, 1998, this Court issued an ex parte *in rem* warrant of arrest of the vessel, which turned out to be a gambling casino operating offshore out of Gloucester, Massachusetts. There was local press coverage.

Plaintiffs filed their First Amended Complaint on October 22, 1998, seeking to collect on the judgments through a claim to reach and apply charter hire payments due from Leisure Express Cruise, L.L.C. ("Leisure Express"), which operated the gambling casino, to Florida Casino for the charter of Vegas Express. Plaintiffs moved for a temporary restraining order and preliminary injunction to enjoin the transfer of charter hire payments from Leisure Express to Florida Casino. The Court held a status conference on that date. By agreement of plaintiffs and Leisure Express, the arrest warrant of the vessel was withdrawn. Instead, the Court ordered Leisure Casino to place $100,000.00 in an interest-bearing account. Florida Casino, which had not yet been served, did not appear.

On October 29, 1998, Glenn G. Kolk ("Kolk"), a corporate officer of Florida Casino, was served with the Summons and First Amended Complaint along with notice of the entry of the order enjoining Leisure Casino from paying charter hire and notice of the November 10, 1998 hearing on plaintiffs' motion for preliminary injunction. Kolk was the corporate agent designated to receive service for Florida Casino.

On November 6, 1998, plaintiffs' process server attempted twice to make contact with Kolk to deliver the motion for preliminary injunction and exhibits, and then posted the documents on his door. As it turns out, he had been dropped as the registered agent for service the day before.

Florida Casino failed to appear at the November 10 hearing, or otherwise respond to this court's notice of hearing, or plaintiffs' motion for preliminary injunction. The preliminary injunction against Leisure Express was entered by agreement. The injunction ordered Leisure Express to place all charter hire payments owed to Florida in an interest-bearing escrow account until the account totaled $250,000.00. No answer to the First Amended Complaint was ever filed.

Plaintiffs' Second Amended Complaint was filed on November 13, 1998, and served, in hand, upon Kolk on November 30, 1998. Plaintiffs dropped the *in rem* claims against Vegas Express and repleaded the reach and apply claim against Florida Casino, requesting that the Florida judgments be given full faith and credit in Massachusetts and that the court determine the amounts necessary, including interest and costs, to satisfy the plaintiffs' Florida judgments against Florida Casino. The Second Amended Complaint added no new parties but added a request for trustee process against reach and apply defendant Leisure Express. When the *in rem*

claims against the vessel were dismissed, the arrest warrant was vacated.

On December 16, 1998, plaintiffs moved for entry of default against Florida Casino and Leisure Express. This court denied entry of default as to Leisure Express. However, on February 9, 1999, pursuant to Fed.R.Civ.P. 55(a), default was entered against Florida Casino due to its failure to appear or otherwise timely respond to Plaintiffs' First or Second Amended Complaints.[1] On February 19, 1999, plaintiffs filed the instant motion for default judgment against Florida Casino. On March 4, 1999, Florida Casino opposed the plaintiffs' motion and moved for removal of the entry of default pursuant to Fed. R.Civ.P. 55(c) on the ground that "proper" service of the Second Amended Complaint was not effectuated until February 19, 1999.

On May 12, 1999, the Florida appellate court affirmed the three judgments.

## III. *DISCUSSION*

Defendant argues that this Court should remove the entry of default on two grounds. First, it contends that service of the Second Amended Complaint was faulty. Second, it argues that there is good cause for removal of the default.

### a. *Proper Service*

█ As a threshold matter, Florida Casino does not dispute that the First Amended Complaint was properly served upon a registered agent of the corporation pursuant to Fed.R.Civ.P. 4(h). Despite proper service on October 29, 1998, no answer was filed, and no attorney filed an appearance. Therefore, default on the First Amended Complaint was

properly entered pursuant to Fed.R.Civ.P. 55(a) on February 9, 1999.

Nonetheless, Florida Casino claims that it should not have been defaulted because the plaintiffs improperly served the Second Amended Complaint on November 30, 1998. The crux of defendant's claim is that service of the Second Amended Complaint was improper because it had dropped Kolk as a registered agent for service on November 5, 1998, and substituted Bruce Daniels. Defendant's change of its registered agent was within one week of the legally sufficient service of the First Amended Complaint on Kolk.

The parties agree that the service of the Second Amended Complaint is governed by Fed.R.Civ.P. 5.[2] Rule 5(a) governs service of a "pleading subsequent to the original complaint," including an amended complaint. *See International Controls Corp. v. Vesco*, 556 F.2d 665, 668–669 (2d Cir.1977); *Daley v. ALIA*, 105 F.R.D. 87, 88 (E.D.N.Y.1985); *Ahmad v. Indep. Order of Foresters*, 81 F.R.D. 722, 726 (E.D.Pa.1979), *aff'd*, 707 F.2d 1399 (3rd Cir.1983) (table). With respect to a party which has not been defaulted, Fed. R.Civ.P. 5(b) provides that service shall be made by delivering a copy to the party or mailing it to the party's last known address, when no attorney has yet appeared for that party.

Florida Casino argues that under Fed. R.Civ.P. 5(a) it should have been served "in the manner provided for service of summons in Rule 4," because there is a new claim for relief in the Second Amended Complaint. However, that provision in the last sentence of Rule 5(a) is inapplicable because Florida Casino was not "in default" at that time.

---

1. Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

2. Fed.R.Civ.P. 5(a) provides:
   Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served

upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

Moreover, there is no new claim for relief pressed in the Second Amended Complaint, except for the added claim of trustee process. Plaintiffs assert they are not pressing the claim for trustee process, but are relying solely on the reach and apply remedy asserted in the initial complaint. *See* Mass.Gen. Laws Ann.Ch. 214 § 3(6) (West Supp.1999); FedR.Civ.P. 69. Accordingly, I conclude that the Second Amended Complaint did not have to be served pursuant to Fed.R.Civ.P. 4, and that the manner of service is governed by Rule 5(b).

Florida Casino complains that the Second Amended Complaint was delivered improperly to the wrong registered agent at the old listed address. However, Florida Casino is not on a strong mooring here because it never informed plaintiffs of its new address, as it was required to do under the local rules. *See* L.R. 83.5.2 (requiring a party appearing *pro se* to notify the clerk of any change of address and providing that any party appearing *pro se* that has not filed an appearance or provided a current address "shall not be entitled to notice"). Furthermore, as a practical matter, there is no allegation that Florida Casino never actually received the First or Second Amended Complaint, the temporary restraining order, or the motion for preliminary injunction. The Court's escrowing of the charter hire should have been a beacon to Florida Casino that some action was needed to protect itself.

■ Even if the Second Amended Complaint should have been served under Rule 4, or was improperly served under Rule 5, the Second Amended Complaint would not have superseded the First Amended Complaint because "[a]n original complaint is only superseded ... when the amended complaint is properly served, not when it is filed." *Doe v. Unocal Corp.*, 27 F.Supp.2d 1174, 1179 (C.D.Cal.1998); *see International Controls Corp.*, 556 F.2d at 669. Therefore, regardless of whether the Second Amended Complaint was properly served, the First Amended Complaint stands, and the default was properly entered.

### b. *Removal of Default*

■ Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, an entry of default may only be set aside "[f]or good cause shown." *General Contracting & Trading Co. v. Interpole, Inc.*, 899 F.2d 109, 112 (1st Cir.1990). Relevant factors to be considered in determining "good cause" include: " 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.' " *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989) (quoting *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir.1985)). A court may also consider the explanation for the default, the good faith of the parties, the amount of money involved, and the timing of the motion. *See id.* Courts have taken a "liberal approach" to setting aside an entry of default, and "resolve doubts" in favor of the party seeking relief. *Id.*

■ Defendant has presented no good reason why it took its Rip Van Winkle strategy to this litigation. Several factors militate in favor of the conclusion that default was willful. *First*, even if Florida Casino had been correct that the service of plaintiffs' Second Amended Complaint was not proper, it never attempts to explain—or even address—its failure to respond to plaintiffs' First Amended Complaint. *Second*, there is no evidence that Florida Casino did not receive the Second Amended Complaint. *Third*, by admitting proper service of the First Amended Complaint, defendant admits that it had notice of both the TRO and the hearing on plaintiffs' motion for preliminary injunction on November 10, 1998, at which it did not appear. *Fourth*, defendant defaulted in the Florida actions. Accordingly, the facts support an inference of willful default by defendant.

Although plaintiffs have demonstrated no prejudice if removal of default is granted other than the delay that would necessarily result in resolving this protracted litigation, defendant has failed to present any meritorious defenses to this action. Any glimmer of hope for defendant vanished once it lost its appeal in the Florida appellate court.

## IV. ORDER

For the foregoing reasons, defendant's motion for removal of entry of default (Docket 39) is **DENIED.** The motion for entry of default judgment against Florida Casino is **ALLOWED.**[3] The Court **ALLOWS** plaintiffs' motion that default judgments enter in their favor as follows:

1. Judgment for Abby Mach against Florida Casino Cruises, Inc. in the sum of $200,-000.00 with interest to be added in accordance with Florida law at the rate of $54.79 per diem from September 8, 1998, until the date of Judgment.

2. Judgment for Phyllis Rosenberg against Florida Casino Cruises, Inc. in the sum of $20,000.00 with interest to be added in accordance with Florida law at the rate of $5.48 per diem from August 14, 1998, until the date of Judgment.

3. Judgment for Paul Rosenberg against Florida Casino Cruises, Inc. in the sum of $5,000.00 with interest to be added in accordance with Florida law at the rate of $1.37 from August 14, 1998, until the date of Judgment.

The Court declined plaintiffs' motion to enter final default judgment against Leisure Express. However, the Court will enter a judgment in the form requested by plaintiffs against the reach and apply defendant within fourteen (14) days, unless Leisure Express objects. The parties shall confer and submit an agreed upon form of judgment to resolve all the claims in a final judgment.

---

3. Florida Casino has never argued that the amounts of the judgments were inaccurate.