Gorski v. Dept. of Corrections       CV-99-562-JD  03/16/00   P

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Tara Gorski

        v.                          Civil No. 99-562-JD
                                    Opinion 2000 DNH 065
New Hampshire Department
of Corrections


                        O R D E R


     The plaintiff, Tara Gorski, brought suit under Title VII

against the defendant, the New Hampshire Department of

Corrections (NHDOC), on December 6, 1999.  On December 10, 1999,

Gorski sent NHDOC a request for waiver of service of summons.  On

January 10, 2000, NHDOC waived service of summons and returned a

signed waiver to Gorski.  Federal Rule of Civil Procedure 12

requires a defendant to serve an answer within 60 days after the

date when a request for waiver was sent.  See Fed. R. Civ. P.

12(a)(1)(B).  The deadline for NHDOC to respond to Gorski's

complaint was February 8, 2000.  After NHDOC failed to respond to

Gorski's complaint, the court entered default in accordance with

Local Rule 55.1 on February 16, 2000.  See Fed. R. Civ. P. 12;

L.R. 55.1.

     NHDOC now moves to vacate the entry of default pursuant to

Rule 60(b), and Gorski objects.  See Fed. R. Civ. P. 60(b).  In

this case, an entry of default has been made, but no default

judgment has been entered yet.  The proper procedural mechanism for seeking relief from an entry of default is a motion to set aside entry of default pursuant to Rule 55(c).[1]  See Fed. R. Civ. P. 55(c); 10 James Wm. Moore et al., Moore's Federal Practice § 55.50 (3d ed. 1997).  Rule 60(b) applies only to final judgments or orders, and entry of default is not a final judgment.  See Phillips v. Weiner, 103 F.R.D. 177, 179 (D. Me. 1984), cited with approval in Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989).  Therefore, the court will construe NHDOC's motion as a Rule 55(c) motion.  See Federal Deposit Ins. Corp. v. Francisco Inv. Corp., 873 F.2d 474, 478 (1st Cir. 1989) (stating Rule 55(c) standard should be applied to non-final judgments).

District courts enjoy broad discretion in deciding motions to set aside entry of default under Rule 55(c).  See Sea-Land Service, Inc. v. Ceramica Europa II, Inc., 160 F.3d 849, 851 (1st Cir. 1998) (citing United States v. One Urban Lot Located at 1 Street A-1, 885 F.2d 994, 997 (1st Cir. 1989)).  Rule 55(c) permits the court to set aside entry of default "for good cause shown."  Factors relevant to a showing of good cause include whether the default was willful, whether setting it aside would

---

[1]"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  Fed. R. Civ. P. 55(c).

prejudice the adversary, and whether the movant has presented a meritorious defense. See Coon, 867 F.2d at 76; see also Thiemann v. Electrical Insulation Suppliers, Inc., 180 F.R.D. 200, 201 (D.P.R. 1998). The court may also consider the movant's explanation for the default, the good faith of the parties, the amount of money involved, and the timing of the motion. See id. Analysis of Rule 55(c) motions is case-specific and should involve common sense rather than strict application of a formula. See General Contracting & Trading Co. v. Interpole, Inc., 899 F.2d 109, 112 (1st Cir. 1990).

The Rule 55(c) standard for relief from an entry of default is less demanding than the Rule 60(b) standard for relief from a default judgment, although the factors considered in either context are practically identical.[2] See United States v. One Urban Lot Located at 1 Street A-1, 885 F.2d at 997; Coon, 867 F.2d at 76. The First Circuit has explained why relief should be

---

[2]To prevail on a Rule 60(b) motion, the movant must show a good reason for the default and the existence of a meritorious defense. See United States v. Proceeds of Sale of 3,888 Pounds Atlantic Sea Scallops, 857 F.2d 46, 48 (1st Cir. 1988). To determine whether a party has demonstrated "excusable neglect" under Rule 60(b)(1), the court considers the danger of prejudice to the adverse party, the delay in court proceedings, the reason for the neglect, and whether the moving party acted in good faith. See Pratt v. Philbrook, 109 F.3d 18, 19 (1st Cir. 1997) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 394 (1993)).

granted more freely under Rule 55(c):

> Allowing an entry of default to be set aside on a
> showing of reasonable justification is in keeping both
> with the philosophy that actions should ordinarily be
> resolved on their merits, and with the command of the
> Civil Rules themselves.  These policy considerations,
> we suggest, are at their zenith in the Rule 55(c)
> milieu.  Early in the case, as when a default has been
> entered but no judgment proven, a liberal approach is
> least likely to cause unfair prejudice to the nonmovant
> or to discommode the court's calendar.  In these
> circumstances, a district court should resolve doubts
> in favor of a party seeking relief from the entry of a
> default.

Coon, 867 F.2d at 76 (internal citations omitted).

In support of its motion, NHDOC states that it mistakenly believed the due date for its response was 60 days from the date it waived service, instead of 60 days from the date Gorski sent her request for a waiver.  NHDOC argues that any error it made in calendaring the due date was inadvertent.

NHDOC's carelessness does not appear to have been willful, and there is no evidence that either party acted in bad faith. Reopening the case does not appear to pose a danger of prejudice to Gorski other than the obvious prejudice of vacating an entry of default in her favor, which does not factor into the analysis. See Pratt v. Philbrook, 109 F.3d 18, 22 (1st Cir. 1997) (Rule 60(b) context).  The length of delay in this case has been minimal, since NHDOC filed this motion promptly after default was entered.  Gorski has not named a figure for the damages she

4

seeks, but her complaint seeks lost wages, medical bills, damages for emotional distress, and costs and fees, which could add up to a substantial sum.  These factors all counsel in favor of granting NHDOC's motion.

With regard to NHDOC's reason for missing the due date to respond, attention to filing deadlines is a basic responsibility in litigation practice, and the First Circuit has held that failure to accurately determine a deadline does not warrant relief under Rule 60(b).  See 3,888 Pounds Atlantic Sea Scallops, 857 F.2d at 49; see also Picucci v. Town of Kittery, Maine, 101 F.R.D. 767, 769 (D. Me. 1984) ("It is appropriate that counsel be required to shoulder the responsibility for such error since counsel has both the preventive and remedial power to address such errors and omissions effectively.").  On the other hand, the First Circuit has more recently held that the negligent failure to meet a filing deadline may constitute excusable neglect.  See Pratt, 109 F.3d at 22.  The court was responding to the Supreme Court's recent "forgiving attitude" toward these errors.  See id. If failure to adhere to a filing deadline can constitute excusable neglect in the Rule 60(b) context, then it follows that such an error may be appropriately forgiven in the less demanding Rule 55(c) context.

Rule 12(a)(1)(B) clearly states that a response is due 60

5

days after a request for waiver is sent.  See Fed. R. Civ. P. 12(a)(1)(B).  Furthermore, the request for waiver letter that Gorski's counsel sent to NHDOC's counsel clearly stated, "you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent," which was December 10, 1999.  The waiver of service of summons, which counsel for NHDOC signed, states, "I, on behalf of the above-named defendant, understand that a judgement may be entered against the party on whose behalf I am acting, if an answer or motion under Rule 12 is not served upon you within 60 days after the dated request was sent."  There appears to be no good excuse why NHDOC's counsel was not aware of the due date for an answer, and this factor weighs against NHDOC's motion.

Finally, a party moving to set aside an entry of default must "plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." Coon, 867 F.2d at 77 (citations omitted).  The movant need not demonstrate a likelihood of success on the merits. See id.  NHDOC has submitted a motion to dismiss contemporaneously with this motion, and the court will consider the factual averments therein in conjunction with this motion.[3]  See Bergeron v. Henderson, 185

---

[3]The court notes that it is "'entitled to expect represented parties to incorporate all relevant arguments in the papers that

F.R.D. 10, 14 (D. Me. 1999).

NHDOC asserts in its motion to dismiss that the court lacks subject matter jurisdiction to hear Gorski's case because she failed to file a charge with the New Hampshire Commission for Human Rights in a timely manner, as required by Title VII. NHDOC also argues that Gorski has not alleged sufficient facts to state a claim under Title VII, either for pregnancy discrimination or sexual harassment. Without examining the likelihood of success of these defenses or the sufficiency of Gorski's four-page complaint, the court finds that NHDOC has advanced a legal argument that plausibly constitutes a cognizable defense. See id. Therefore, NHDOC satisfies the requirement to show it can make a plausible meritorious defense to Gorski's lawsuit.

The defendant's error in calendaring the due date for a response to Gorski's complaint reflects neglect and carelessness, especially in the absence of any extenuating circumstances beyond the defendant's control. However, in light of the liberal standard under Rule 55(c) and the preference for resolving cases

directly address a pending motion.'" Teamsters Local No. 59 v. Superline Transp. Co., Inc., 953 F.2d 17, 21 n.5 (1st Cir. 1992) (deciding Rule 60(b) motion) (quoting McCoy v. Massachusetts Inst. of Tech., 950 F.2d 13, 22 n.7 (1st Cir. 1991)). In this case, the court can easily locate record evidence of a meritorious defense. Cf. id. However, the defendant's counsel would do well to include factual averments relating to a meritorious defense in future Rule 55(c) or 60(b) motions.

on the merits, particularly where there has not been undue delay to the court or prejudice to the nonmoving party, the court exercises its discretion to set aside entry of default. Cf. General Contracting & Trading Co., 899 F.2d at 112 (holding refusal to set aside default not abuse of discretion where movant had no good excuse for default and had meritorious defense, but there was significant delay and prejudice to adverse party). However, NHDOC shall pay any reasonable attorney's fees incurred by the plaintiff in responding to the defendant's motion to vacate.

## Conclusion

For the foregoing reasons, the defendant's motion to vacate entry of default (document no. 4) is granted. The clerk of court shall vacate the entry of default (document no. 3). The motion to dismiss submitted by the defendant on February 25, 2000, is authorized to be filed and docketed.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

March 16, 2000

cc:  Michael J. Sheehan, Esquire

8