# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 02-60332
Summary Calendar

_____


CHARLES LAVEL STRINGER,

                                                        Plaintiff-Appellant,

versus

UNKNOWN MCDANIELS; RON TILLMAN; ORAN PAGE;
BARBARA DUNN; CITY OF JACKSON, MISSISSIPPI;
POLICE DEPARTMENT OF THE CITY OF JACKSON,
MISSISSIPPI,

                                                        Defendants-
                                        Appellees.

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:99-CV-686-WS
--------------------------------------------------------------
March 12, 2003

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:*

        Charles Lavel Stringer appeals from the district court's grant of summary judgment on his civil

rights complaint brought pursuant to 42 U.S.C. § 1985.  Stringer argues first that the district judge

---

        *  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

should have removed himself from the case because he was formerly a Hinds County Assistant District Attorney seventeen years earlier and was friends with the defendants. We conclude that Stringer has not shown that the district judge abused his discretion or that a reasonable person, knowing all of the facts, would doubt the district judge's impartiality. See United States v. MMR Corp., 954 F.2d 1040, 1044 (5th Cir. 1992); Levitt v. Univ. of Texas at El Paso, 847 F.2d 221, 226 (5th Cir. 1988).

Stringer also makes numerous arguments attempting to show that the district court erroneously granted summary judgment to the defendants. A claim under 42 U.S.C. § 1985(3) requires a showing, inter alia, that a conspiracy was based on a racial or other impermissible class-based animus. See Newberry v. East Texas State Univ., 161 F.3d 276, 281 (5th Cir. 1998); Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer, 90 F.3d 118, 124 (5th Cir. 1996). The district court held that Stringer failed to make this showing. On appeal, Stringer has failed to address the basis for the district court's judgment, and he has therefore abandoned the issue. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Stringer also argues that the district court erred in denying him a default judgment as to defendant McDaniels, who the record shows was never served with process. The district court did not abuse its discretion. See Campbell v. Eastland, 307 F.2d 478, 490-491 (5th Cir. 1962); United States v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985); FED. R. CIV. P. 55.

Finally, Stringer argues that the district court abused its discretion by denying him the right of discovery from defendant Dunn. The district court's discovery rulings were not arbitrary or clearly unreasonable. See Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 876 (5th Cir. 2000).

AFFIRMED.